Richard J. Cardamons, J.
This is an article 78 proceeding instituted by the petitioner to obtain >an exemption of its alleged church property from the tax rolls of the City of Syracuse. The respondents, consisting of the Commissioners of Assessment and Taxation and the Department of Finance of the City of Syracuse, have made a cross motion to dismiss the proceeding.
Petitioner, the Faith Church of God Full Gospel Mission, Inc., (hereinafter called Faith Church), a domestic religious corporation organized under article 10 of the Religious Corporations Law of the State of New York, purchased a small house on a comer lot known as 2200 South State Street in the City of Syracuse, Onondaga County, New York, on July 16, 1965. It was purchased to be used as a place of worship land a parsonage for its pastor and bishop, the Reverend Jonathan Stephens. In their moving papers, the petitioner sets forth facts .that would indicate that the church was used continuously on Sundays for worship since the date of purchase and also used on most Wednesday and Friday evenings for bible. classes and prayer meetings. It has served as a residence for Reverend Stephens. At the time when the property was purchased, a letter of request was sent to the respondent Commissioner of Finance for the City of Syracuse for exemption from real estate taxes. The request for such an exemption was denied by the respondent Commissioner.
In its motion to dismiss, .the respondents set forth the following : that the property, located in a residential zone, was being *297 used in violation of the Building Code of the City of Syracuse in that the services referred to by petitioner were being conducted in the basement of the house and that the first and second floors thereof were being used as the personal residence of Reverend Stephens. The petitioner had alleged that 10 to 15 persons were in attendance at the Sunday services; and respondents stated that since there was only one means of egress from the bas'ement of the premises that such occupancy constituted a violation of the Housing Code. Further, there was an alleged violation in the use of the premises in .that no certificate of occupancy for church purposes was obtained from the Bureau of Buildings of the City of Syracuse. It is the respondents’ further contention that proper procedures to obtain the kind of relief the petitioner has asked for are established by the Charter of the City of Syracuse which sets up grievance proceedings and provides that within 15 days from the date the assessment rolls are completed (Sept. 30) the aggrieved taxpayer may apply for an order to show cause why the assessor should not correct the assessment .rolls (L. 1906, ch. 75, § 2). It is the respondents’ contention that although the petitioner participated in the grievance proceeding, it did not avail itself of this statutory procedure available to it.
The defense raised by the respondents with regard to the failure of the petitioner to observe certain Housing Code regulations with respect to the use of its premises and with respect to the petitioner’s failure to comply with article 10 of the Religious Corporations Law, is not properly raised in this proceeding and will, therefore, not be considered.
The defense raised by respondents with regard to petitioner’s failure to avail itself of procedures set up by the City Charter of the City of Syracuse (L. 1906, ch. 75, § 2), particularly with regard to timeliness, is likewise without merit. The procedural remedies set forth in the statute have no application where the attack is on the jurisdiction of the respondents to act with respect to this property under any circumstances. If the property is tax-exempt, any action by the Commissioner is a nullity. (People ex rel. Erie R.R. Co. v. State Tax Comm., 246 N. Y. 322, 325-326; Matter of State Ins. Fund v. Boyland, 282 App. Div. 516, 519-520, affd. 309 N. Y. 1009; Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206.) The remedies provided by the statute are not exclusive under the circumstances here and the petitioner may properly bring this article 78 CPLR proceeding.
Subdivision 1 of section 420 of the Real Property Tax Law provides that real property owned by a religious corporation shall be exempt from taxation; section 462 of the Real Property *298 Tax Law provides that in addition to exemption provided for in section 420, ‘ ‘ property owned by a religious corporation while actually used by the officiating clergymen thereof for residential purpos'e-s shall he exempt from taxation.” The facts clearly establish that this petitioner is 'a religious corporation organized under the Religious Corporations Law of the State of 'New York and that the premises which it occupies at 2200 South State Street in the City of Syracuse are - being used as a place of religious worship. It is not disputed that the premises are being used for residential purposes by the officiating clergyman of the petitioner. Under these circumstances, this real property is tax-exempt. While the .statute (Real Property Tax Law, §§ 420, 462) is to be strictly construed against petitioner who requests here an exemption from real estate taxes, nevertheless, it should not he interpreted so as to defeat the well-settled policy of this -State to encourage, foster and protect religious institutions -since they are- deemed beneficial to the public. (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350, 357-358.)
Accordingly, the petitioner should prepare and submit an order, without prejudice, however, to such action as respondents may deem it advisable to institute1 as against petitioner for violation of Housing Code regulations.