■ GREATER NEW YORK CORPORATION OF SEVENTH-DAY ADVENTISTS, Appellant, v. TOWN OF DOVER et al., Respondents.— Plaintiff appeals from a judgment of the Supreme Court, Dutchess County, dated June 16, 1967, which adjudged as valid, upon a jury verdict, tax assessments and taxes levied thereunder on part of plaintiff's premises in the Town of Dover, Dutchess County, which premises are commonly known as Camp Berkshire. Judgment reversed, on the law, with costs to appellant, and judgment directed to be entered adjudging that the assessments and taxes in question are invalid and that appellant's property is wholly exempt from taxation. The findings of fact below have not been affirmed. Appellant, the Greater New York Corporation of Seventh-Day Adventists, was organized for the purposes of diffusing moral and religious knowledge by means of, *inter alia,* churches, missions, training schools, health or educational institutions, and missionary agencies. Pursuant to these aims, in 1963 appellant purchased the Berkshire Country Club, comprising over 200 acres, to be used as a spiritual retreat for adult members of the faith and as a youth camp with both religious and recreational activities for the younger members of the faith. The property had not been used as a country club for several years prior to the sale. The chief use of Camp Berkshire, as it was renamed, was from June to August, with a three-week spiritual camp meeting followed by a youth camp. Only members of the faith were on the camp staff or worked in the cafeteria, which served a strictly vegetarian diet in accordance with the tenets of the faith. The Seventh-Day Adventists believe that the whole man must be ministered to, not only the spiritual but the physical and mental as well, and that the rural acreage provided by the camp was necessary to the church's program because it is only in the quietness of the countryside that a person can meet his God and communicate with him in prayer. After petition to the Board of Assessors of the respondent town, in 1963 and 1964 the camp was exempted from taxation, but the exemption was then revoked and from 1965 until the present it has been assessed and taxed in spite of the fact that both appellant and the tax assessor agree that the use to which the camp has been put has not changed from the exempt years. The assessor only saw fit to exempt 5.7 acres out of the over 200 acres of property owned by appellant, comprising the main auditorium, the church, two residences, restrooms and a few cabins. Excluded and therefore taxable was the rest of the property, including the main residence building (the country club hotel), the cafeteria, the rest of the cabins, three farmhouses, three two-story buildings, tennis courts, the lake frontage, the golf course and the swimming pool. In our opinion, it was error not to exempt the entire acreage encompassing Camp Berkshire. Under section 420 of the Real Property Tax Law, in order for the property of a nonprofit organization to be exempt, not only must the corporation be organized exclusively for, *inter alia,* religious, charitable, missionary or educational purposes, as is appellant, but any portion of such property not used exclusively for carrying out the corporate purposes will be subject to taxation. Therefore, the only issue on this appeal is whether appellant used its property exclusively for the religious purposes for which it had been organized. The meaning of " used exclusively " (as provided in Real Property Tax Law, § 420) is that the primary use of the realty must be in furtherance of the permitted corporate purposes (*Matter of Plattsburgh College Benevolent & Educational Assn.* v. *Board of Assessors of Town of Peru,* 43 Misc 2d 741, 747). In determining whether property is used for permitted purposes, it must appear that

the use is necessary or fairly incidental to the maintenance of the realty for the purposes for which the corporation was organized (*People ex rel. Blackburn* v. *Barton,* 63 App. Div. 581). In our opinion, the record at bar fails to reveal any use of the property for purposes other than those for which it was organized; even when the appellant advertised the facilities of the camp at the time of the New York World's Fair, it directed its advertising strictly to adherents of the faith. Although appellant purchased a country club, the present use of the property is primarily as a spiritual retreat (cf. *People ex rel. Outer Court* v. *Miller,* 161 Misc. 603 [allowing a tax exemption for property used as a religious retreat]; *Matter of Peace Haven* v. *Geiger,* 175 Misc. 753 [denying an exemption for property used primarily as recreational and social facilities]; see, *Christian Camps* v. *Village of Speculator,* 275 App. Div. 868, mot. for lv. to app. den. 275 App. Div. 1004 [holding exempt a 50-acre Christian Summer camp for boys]). The facilities of Camp Berkshire, not being run for profit, and not being open to the general public but solely to adherents of the faith, and no proof to the contrary having been offered by respondents, it is our opinion that the property is being used to further a permitted corporate purpose and should be totally exempt from taxation under section 420 of the Real Property Tax Law. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.