■ In the Matter of YESHIVAS BAIS YEHUDI, Appellant, v ASSESSOR OF THE TOWN OF RAMAPO et al., Respondents. — In an action to declare certain property exempt from taxation, petitioner Yeshivas Bais Yehudi appeals from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Marbach, J.), dated May 25, 1984, as, after a nonjury trial, denied it a 100% exemption and only granted it a 40% exemption.

Order and judgment affirmed, insofar as appealed from, without costs or disbursements.

Petitioner, a corporation organized under the Religious Corporations Law, operates a synagogue and religious school on one of its several properties. Petitioner employs a maintenance person,

who devotes approximately two or slightly more days to his employment with petitioner. In exchange for his maintenance services, the employee is given the property in question, rent free, for use as a residence for him and his family. In addition, the part-time employee is self-employed as a house painter.

The primary use of the property furnished as a convenience for the employee is residential, not religious or educational, and such use is not necessary or incidental to carrying out the purposes for which petitioner was organized. The property, on its face, would clearly be ineligible for an exemption (Real Property Tax Law § 420-a [1] [a]; 2 Opns Counsel SBEA No. 19). However, the respondent town did not cross-appeal from the order and judgment granting the 40% exemption. Consequently, we are constrained to affirm this order and judgment, insofar as appealed from (*see, Hecht v City of New York,* 60 NY2d 57; *Mertsaris v 73rd Corp.,* 105 AD2d 67). Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.