OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the determination of the State Liquor Authority
 
 *979
 
 (SLA) disapproving petitioner’s application for a restaurant beer and wine license reinstated.
 

 Sections 64 (7) and 80 of the Alcoholic Beverage Control Law prohibit issuance of a liquor license for premises located within 200 feet of a building "occupied exclusively” as a church. The issue presented by this appeal is whether the SLA properly denied petitioner such a license where its premises are within 200 feet of a building known as the "Neighborhood Church,” with its ground floor used for daily worship by church members and the public, and its upper two floors used by the pastor and his wife for their residence. From his study on the third floor, the pastor also three days a week prepares, and one day a week broadcasts, evangelical radio shows; as part of the church’s mission house activities the pastor and his wife care for persons in need. Outside the building is a sign stating that it is the home of New York Christian Outreach, described as a "department of the church, which handles the evangelistic outreach and visitation endeavors of our congregation.” Special Term granted petitioner’s article 78 petition and ordered the SLA to issue a license, concluding that use of the upper two floors as a "parsonage” for the pastor and his wife meant that the building as a whole was not "occupied exclusively” as a church, and the Appellate Division unanimously affirmed, without opinion. We now reverse.
 

 A building is "occupied exclusively” as a church within the contemplation of Alcoholic Beverage Control Law § 64 (7) where its primary or paramount use is as a church, even though there is an incidental use not inconsistent or detracting from the predominant character of the building as a church
 
 (see, Matter of Multi Million Miles Corp. v State Liq. Auth.,
 
 55 AD2d 866,
 
 affd on mem below
 
 43 NY2d 774;
 
 People ex rel. Clausen v Murray, 5
 
 App Div 441). Consequently, where —as here — part of a building functioning as a place of worship is used as the pastor’s family residence, from which church-related work is also conducted, the building still may be considered to be "occupied exclusively” as a church
 
 (see, Matter of Trustees of Calvary Presbyt. Church v State Liq. Auth.,
 
 245 App Div 176,
 
 affd
 
 270 NY 497;
 
 People ex rel. Cairns v Murray,
 
 148 NY 171). Petitioner’s arguments centering on a lack of necessity for the statutory prohibition, or its unfairness, are more appropriately addressed to the Legislature.
 

 
 *980
 
 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the determination of the State Liquor Authority reinstated in a memorandum.