In the Matter of St. AGNES CHURCH, Appellant, v KIMBALL W. DABY et al., Constituting the Board of Assessors of the Town of North Elba, et al., Respondents. (And Another Related Proceeding.)

Third Department, June 29, 1989

### APPEARANCES OF COUNSEL

*Tobin & Dempf (Charles J. Tobin, III,* and *Janet H. Bliss* of counsel), and *Briggs, Dwyer & Smith, P. C.,* for appellant.

*James M. Brooks* for respondents.

### OPINION OF THE COURT

HARVEY, J.

Petitioner is the owner of real property consisting of a church, school, rectory and convent in the Village of Lake Placid, Town of North Elba, Essex County. The rectory is a three-story structure containing bedrooms, bathrooms, kitchens, dining rooms, offices and conference rooms. Since 1980 and until 1985 upon successive applications, the rectory had been exempt from taxation but not from special assessments or ad valorem levies pursuant to RPTL 462. In 1985, instead of filing the RPTL 462 renewal form, petitioner made an application for the rectory to be wholly exempt under RPTL 420-a, contending that the rectory was used primarily for religious purposes. However, petitioner's RPTL 420-a application was untimely. The rectory received no exemption from the Town of North Elba's Board of Assessors on the 1985 assessment roll.

In 1986, petitioner attempted to include the rectory parcel in its application for renewal of the existing RPTL 420-a exemption on the other church property. The assessors notified petitioner that this would not be allowed but furnished petitioner with application forms for an RPTL 462 exemption. Petitioner did not file the forms. Petitioner's complaint at that year's "grievance day" was denied. In 1987, petitioner timely filed an EA-420-USE application seeking to have its rectory classified as wholly exempt for the 1987 assessment roll. The assessors thereafter informed petitioner that 50% of the assessment on the rectory would be wholly exempt pursuant to RPTL 420-a, while the remaining 50% would be exempt pursuant to RPTL 462. Petitioner's subsequent complaint seeking to have the entire rectory classified as wholly exempt was again denied.

Thereafter, petitioner commenced the instant proceedings pursuant to RPTL article 7 challenging the 1986 and 1987 tax assessments imposed upon the rectory. Following a motion by petitioner for summary judgment as to the 1987 petition, respondents cross-moved for summary judgment. Supreme Court granted respondents' cross motions and dismissed both petitions in separate judgments. Petitioner now appeals.

■ We affirm. Addressing the more recent of the petitions first, we find initially that Supreme Court did not err in dismissing the 1987 petition. In doing so, we reject petitioner's contention that the assessors improperly granted petitioner a partial exemption pursuant to RPTL 462 for 50% of the rectory when allegedly all of that property should have been found to be wholly exempt pursuant to RPTL 420-a. It has generally been held that RPTL 462 and not RPTL 420-a applies to a rectory which is used exclusively as a residence *(see,* 5 Opns Counsel SBEA No. 122; 3 Opns Counsel SBEA No. 64). In order to qualify for an RPTL 420-a exemption, it must be shown that the property is used exclusively for religious purposes *(see, Matter of Harlem Restoration Project v City of New York,* — AD2d — [1st Dept, May 4, 1989]). This has been interpreted to mean "primarily" for religious purposes *(see, Matter of Swedenborg Found. v Lewisohn,* 40 NY2d 87, 93). A problem arises in this case because the evidence indicates that the rectory is not being used exclusively for either religious or residential purposes.

An affidavit from petitioner's pastor states that the rectory is often used for parish meetings, counseling sessions and

educational classes. It also contains the offices of the two priests who are on call 24 hours a day to attend to their parishioner's needs. An inspection by the assessors determined, however, that the rectory was not used exclusively for carrying out religious purposes. For example, the kitchen and dining areas are predominantly used for the in-house priests. The other bedrooms are used for visiting priests and an apartment on the first floor houses an elderly woman who has worked for the diocese. Notably, aside from the sitting room (which petitioner claims is used for educational purposes and the assessors claim is used for recreational purposes), there is no real dispute on the record as to what the rooms in the rectory were used for. The RPTL 462 exemption is *in addition* to the RPTL 420-a exemption *(see, Congregation Kollel Horabonim v Williams,* 62 AD2d 866, 867-868, *affd* 48 NY2d 301) and each exemption can be applied to the same property *(see, Matter of Faith Church of God Full Gospel Mission v Gingold,* 54 Misc 2d 296, 297-298; *see also, Matter of St. Luke's Hosp. v Boyland,* 12 NY2d 135). Since much of the use appears to be residential, the assessors were well within their discretion in ultimately determining that only one half of the rectory was used primarily for religious purposes while the other half was used primarily for residential purposes and only entitled to an RPTL 462 exemption *(cf., Interstate Lien Corp. v St. Paul's African M. E. Zion Church,* 275 App Div 993).

■ Finally, we also reject petitioner's contention that the 1986 petition was improperly dismissed. The assessors denied any exemption for the rectory for that period based upon petitioner's failure to file an RPTL 462 form or a proper RPTL 420-a application. Petitioner claims that respondents lacked jurisdiction to tax the property. It also claims that the assessors were bound to grant the exemptions despite petitioner's failure to properly apply because respondents knew that previous exemptions had been granted for the property in question. We do not agree.

Petitioner's jurisdictional argument is premised upon the assumption that, if the property was *wholly* exempt pursuant to RPTL 420-a and respondents failed to exempt it, then respondents would have acted without jurisdiction and the assessment would be void *(see, Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945, 946; *Buffalo Hebrew Christian Mission v City of Syracuse,* 33 AD2d 152, 155). However, here, as previously discussed, the 1987 determination that the rectory was only partially exempt was a rational determina-

tion and there is no claim that the uses of the rectory changed from 1986 to 1987. Since respondents did have jurisdiction over the property, they could compel petitioner to file the appropriate applications before granting it an exemption.

Petitioner argues that no applications are required in order to receive RPTL 420-a and 462 exemptions because RPTL 420-b, for example, explicitly requires an application, thereby indicating a legislative intent to only require applications when required by statute. This argument has previously been rejected by the State Board of Equalization and Assessment and at least one Supreme Court Justice *(see, Matter of Faculty-Student Assn. of State Univ. Coll. v Town of Lyndon,* 137 Misc 2d 1057, 1064; 8 Opns Counsel SBEA No. 51). Each taxable year is separate and distinct *(see, People ex rel. Hilton v Fahrenkopf,* 279 NY 49, 52-53), and a determination that property is exempt in one year cannot constitute a determination that it is exempt the next year *(see, People ex rel. Watchtower Bible & Tract Socy. v Haring,* 286 App Div 676, 680) unless the statutory language of the section specifically provides for such continuation without reapplication *(see, e.g.,* RPTL 458 [1]; *see also,* 8 Opns Counsel SBEA No. 51). Notably, the regulations of the State Board of Equalization and Assessment specifically provide that application for an RPTL 420-a exemption is required except in those instances where, for example, an assessor exempts property previously found to be exempt despite the fact that no renewal application is received and it is necessary for the assessor to inspect the property and attest to the fact that it does indeed meet the RPTL 420-a requirements *(see,* 9 NYCRR 190-1.4 [c] [2]). Here, the rectory had never received such an exemption and, therefore, an application was required.

KANE, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgments affirmed, without costs.