■ KAHAL BNEI EMUNIM AND TALMUD TORAH BNEI SIMON ISRAEL, Also Known as TALMUD TORAH BNEI SIMON ISRAEL, Appellant, v TOWN OF FALLSBURG et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 14, 1989 in Sullivan County, which, *inter alia,* granted the cross motion of defendants Town of Fallsburg and Town of Fallsburg Tax Collector for summary judgment dismissing the complaint against them.

Plaintiff, a religious corporation, owns property in the Town of Fallsburg, Sullivan County, which it utilizes as a summer camp. Plaintiff asserts that the property is exempt from real property taxation pursuant to RPTL 420-a but did not file a timely application for exemption in either 1987 or 1988. According to defendants, the assessor was unable to determine on the taxable status date, March 1 of each year, whether the property was in exempt use and thus classified it as taxable for those years. Plaintiff took no action in 1987, but in 1988 filed a grievance with the town's Board of Assessment Review, which denied relief. Plaintiff then instituted this action for declaratory judgment in July 1988 against the town, the county and the town's Tax Collector (hereinafter collectively referred to as defendants). Plaintiff eventually moved for summary judgment and the town and the Tax Collector cross-moved for summary judgment dismissing the complaint. Supreme Court found that plaintiff's cause of action with regard to the 1987 assessment was time barred and granted the cross

motion with regard to the 1988 assessment, based upon plaintiff's failure to make timely application for an exemption in that year. Plaintiff now appeals.

Initially, we agree with Supreme Court that the four-month limitation period barred the demanded relief from taxes assessed for the 1987 tax year *(see, Press v County of Monroe,* 50 NY2d 695, 704). Either a CPLR article 78 proceeding or a declaratory judgment action may be utilized to pursue a claim for full exemption *(see, e.g., Matter of Scarborough School Corp. v Assessor of Town of Ossining,* 97 AD2d 476, *lv dismissed* 61 NY2d 902; *Somarelli v Port Jervis Cent. School Dist.,* 71 AD2d 992). Plaintiff's challenge, directed at defendants' interpretation and application of RPTL 420-a to it, and not at the over-all validity of the statute, is maintainable as an article 78 proceeding *(cf., Town of Brookhaven v State of New York,* 142 AD2d 338, 340, *appeal dismissed* 74 NY2d 714) and the four-month limitation period applies *(see, Press v County of Monroe, supra).*

Next, we reject plaintiff's argument that the property in question is automatically exempt from taxation pursuant to RPTL 420-a. We recently held that applications are required for RPTL 420-a exemptions, except in those instances where an on-site inspection by the assessor discloses the tax exempt status of the property, because "[e]ach taxable year is separate and distinct * * * and a determination that property is exempt in one year cannot constitute a determination that it is exempt the next year" *(Matter of St. Agnes Church v Daby,* 148 AD2d 31, 35; *see, Matter of Faculty-Student Assn. v Town of Lyndon,* 137 Misc 2d 1057, 1064; 8 Opns Counsel SBEA No. 51). Here, the property's physical appearance on the respective status dates did not justify the conclusion that it was exempt *(see, Matter of St. Agnes Church v Daby, supra,* at 35; *see also,* RPTL 202 [1] [h]; 9 NYCRR 190-1.4 [c] [2]).

Because, as previously noted, a determination that the property is exempt in a particular year cannot constitute a determination for a subsequent year *(see, Matter of St. Agnes Church v Daby, supra),* we reject the contention that defendants are bound by a prior stipulation with respect to the 1986 tax assessment. Finally, given that an exemption is not "altered or repealed" by the requirement of the filing of an application, plaintiff's reliance on NY Constitution, article XVI, § 1 is misplaced.

Thus, Supreme Court correctly granted the cross motion for

summary judgment. We note, however, that since this is a declaratory judgment action, Supreme Court should have directed the entry of a declaration in favor of defendants regarding the 1988 assessment rather than dismissal of the complaint *(see, e.g., Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004).

Order modified, on the law, without costs, by declaring that the 1988 tax assessment is valid, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.