■ In the Matter of MACHNE SVA ROTZOHN, INC., Appellant, v TOWN OF FALLSBURG et al., Respondents.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Torraca, J.), entered March 21, 1989 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to declare it totally tax exempt, and (2) from an order of said court, entered July 20, 1989 in Sullivan County, which denied petitioner's motion for reargument.

Petitioner is a religious corporation incorporated pursuant to the Religious Corporations Law. In its amended petition, it alleges that it owns property in respondent Town of Fallsburg, Sullivan County, which it operates exclusively as a residential institution and school for the religious education of Jewish children. Petitioner further alleges that, following acquisition of the property in 1981, the town granted it a full religious and educational exemption from local real property taxes pursuant to RPTL 420-a for the next succeeding several years. However, according to petitioner, beginning in 1987 the town arbitrarily changed its policy and, for the assessment years 1987 and 1988, unjustifiably refused to grant petitioner its exemption. Petitioner seeks annulment of the determination of respondent Town Board of Assessors, a refund of the taxes paid and a judgment restoring its tax exempt status.

The town and the Town Assessor answered the petition, asserting various affirmative defenses including, *inter alia,* that petitioner's certificate of incorporation rendered it ineligible for the RPTL 420-a exemption, that petitioner failed to exhaust its administrative remedies and that the proceeding was time barred, having been filed more than four months after the filing of the 1988 assessment roll. Thereafter, the town and the Town Assessor moved to dismiss the proceeding on the same grounds. Supreme Court granted the motion to dismiss. Relying on this court's decision in *Matter of Mount Tremper Lutheran Camp v Board of Assessors* (70 AD2d 984), the court held that the inclusion in the purpose clause of petitioner's certificate of incorporation of some activities not specifically designated as exempt under RPTL 420-a in and of itself required forfeiture of any right to the statutory exemption. Petitioner appeals from the judgment of dismissal entered on Supreme Court's decision and from the subsequent order denying its motion for reargument.

Petitioner's principal point on appeal is that the rule applied in *Matter of Mount Tremper Lutheran Camp v Board of Assessors (supra)* was significantly modified in the later Court of Appeals decision in *Mohonk Trust v Board of Assessors* (47 NY2d 476), by virtue of which a corporation actually engaged in activities qualifying for the RPTL 420-a exemption does not necessarily lose the exemption because of the inclusion of nonqualifying purposes in its articles of incorporation.

Whether or to what extent there may be any validity to petitioner's argument is not an issue we should address, however, nor should Supreme Court have reached the merits. The uncontested proof establishes that this proceeding was not commenced until November 7, 1988, more than four months after the final assessment roll for that year was filed on July 1, 1988. Thus, insofar as petitioner seeks annulment of the denial of its RPTL 420-a exemption and a refund of real property taxes paid for the years 1987 and 1988, its petition is time barred *(see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 161 AD2d 943, *appeal dismissed* 76 NY2d 888).

The additional relief petitioner seeks, i.e., a judgment generally declaring its tax exempt status and annulling any assessment of taxes for years subsequent to the filing of the petition, is also barred for another reason. Each taxable year is separate and distinct for purposes of eligibility for the RPTL 420-a exemption and, with one exception not applicable here, a timely application for the exemption must be made for each

such year in which eligibility is claimed *(see, supra,* at 944; *Matter of St. Agnes Church v Daby,* 148 AD2d 31, 35). Hence, as to successive taxable years after 1988, petitioner was and is required to exhaust its administrative remedies by way of timely application to the Town Assessor for the exemption.

It follows from the foregoing that, while the petition was properly dismissed, dismissal should have been without prejudice to the timely commencement of a new proceeding upon the denial of a duly filed application for exemption under RPTL 420-a for some subsequent taxable year. No appeal lies from the denial of petitioner's motion to reargue and, hence, the appeal from such denial must be dismissed.

Judgment modified, on the law, without costs, by directing dismissal of the petition without prejudice to the timely commencement of a new proceeding upon a denial of a duly filed application for exemption under RPTL 420-a, and, as so modified, affirmed.

Appeal from order dismissed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.