■ In the Matter of YESHIVATH SHEARITH HAPLETAH, Appellant, v ASSESSOR OF THE TOWN OF FALLSBURG et al., Respondents. (And Another Related Proceeding.)—Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J), entered January 4, 1990 in Sullivan County, which dismissed petition-

er's applications, in two proceedings pursuant to RPTL article 7, to declare certain property owned by petitioner in the Town of Fallsburg to be totally tax exempt.

Petitioner, a religious corporation whose primary function is to teach the principles and doctrines of the Jewish faith, conducts summer religious education programs on real property which it owns in the Town of Fallsburg, Sullivan County. The facility, a camp located on 31 acres of land, includes 64 bungalows, six trailers, classrooms, a multiunit dormitory building, synagogues, a main building, a ritual bath and an outdoor swimming pool. Petitioner applied for an exemption of the property from taxation pursuant to RPTL 420-a (1) (a) for the tax years 1987 and 1988. Respondents partially granted the application, but, taking the position that the bungalows, trailers and 10 acres of land were not used "exclusively for religious * * * purposes" (see, RPTL 420-a [1] [a]), denied the application as to that portion of the property. Petitioner commenced these RPTL article 7 proceedings to challenge respondents' determination. Following trial, Supreme Court upheld respondents' determination and granted judgment dismissing the petitions. Petitioner appeals.

In our view, the undisputed evidence adduced at trial mandates a finding that the entire 31-acre parcel was used exclusively for religious purposes. We accordingly reverse Supreme Court's judgment and grant the petitions. The evidence established that one of the trailers is occupied by petitioner's caretaker, who provides summer maintenance and year-round security for petitioner, and that the balance of the trailers and bungalows are occupied exclusively by rabbis, teachers, staff and married students, their spouses and children, and parents of students who are too young to attend without parental supervision. Clearly, all of those residing on the premises are intimately involved with petitioner's program. As such, the residence facilities are devoted to a use which " 'is reasonably incident' " to the major purpose of the facility and entitled to the exemption (Matter of St. Luke's Hosp. v Boyland, 12 NY2d 135, 143, quoting People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 358; see, Matter of American Mgt. Assns. v Assessor of Town of Madison, 63 AD2d 1102, 1103, affd 47 NY2d 841; Matter of Shrine of Our Lady of Martyrs v Board of Assessors, 40 AD2d 75, 76-77, affd 33 NY2d 713; Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover, 29 AD2d 861, appeal dismissed 23 NY2d 682). Nor do we find any basis for the exclusion of the 10-acre unimproved portion of the land, which is devoted to no nonexempt use and

is used for hiking by those involved in petitioner's program *(see, Matter of Nassau County Council Boy Scouts v Board of Assessors,* 84 AD2d 862, 863, *lv denied* 55 NY2d 607 [4,300-acre camp with some nonexempt lumbering activities exempted]; *Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover, supra* [200-acre camp exempted]; *Kluger School v Town of Liberty,* 76 Misc 2d 691 [63-acre camp exempted]).

Judgment reversed, on the law, with costs, petitions granted and petitioner's property in the Town of Fallsburg, Sullivan County, declared exempt from real property taxation pursuant to RPTL 420-a (1) (a) for the tax years 1987 and 1988. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.