OPINION OF THE COURT
 

 Alexander, J.
 

 The Board of Review and Assessor of the Town of Fallsburg appeal by leave of this Court from an order of the Appellate Division which reversed a determination of Supreme Court, Sullivan County, dismissing the consolidated Real Property Tax Law article 7 petitions of Yeshivath Shearith Hapletah challenging the actions of the assessor in denying full tax exemption to petitioner’s property for the years 1987 and 1988. We agree with the Appellate Division that the subject property is fully exempt from real estate taxes and thus, there should be an affirmance.
 

 The essential facts are undisputed and reveal that Yeshivath Shearith Hapletah is a not-for-profit religious corporation whose primary purpose is the teaching of the principles and doctrines of the Jewish faith. It operates a school in Brooklyn and conducts religious educational programs on a 31-acre parcel of land it owns in the Town of Fallsburg, Sullivan County, referred to as the "Woodbourne facility.” This property is used primarily during the summer months when approximately 450 students from two years of age and up are provided rigorous religious and educational instruction seven days each week, with the youngest, aged
 
 2lA
 
 to 4, studying a few hours per day and the older students, up to eight hours per day. The participants in the summer program also either attend classes or teach during the school year at the Brooklyn facility operated by petitioner or an affiliated organization.
 

 The Woodbourne facility is comprised of a main building containing a kitchen and communal dining room for all participants, a ritual bath, recreational facilities, classrooms, synagogues and a variety of housing facilities including a multiunit dormitory building, 64 bungalows and 6 trailers. Ten acres of the 31-acre parcel are largely wooded and are used primarily by the students for hiking. The housing units are occupied by the Rabbis, teaching staff, their wives and children, all of whom receive religious instruction; married
 
 *248
 
 students and their families; single students; and families with very young students, whose mothers serve as volunteers for the yeshivah, and whose fathers mostly participate in Sabbath prayer and religious educational programs during the weekend. Some of the participants live away from the property in nearby residences rented or owned by their families. They are transported to the Woodbourne facility by bus each day for classes. One of the trailers is provided to the caretaker who, in exchange for housing for himself and his family, maintains the Woodbourne facility during the summer months and provides year-round security.
 

 The religious instruction programs at Woodbourne are provided to members of the yeshivah only; they are not open to the general public. No fees are paid for use of the facilities; rather, they are made available as housing for teachers and are included as part of the annual tuition for students. Petitioner derives no income from the Woodbourne facility. Charitable contributions are relied upon to help defray operating costs.
 

 It appears that petitioner acquired the Woodbourne property in 1980. It was determined to be fully tax exempt in a declaratory judgment proceeding and was removed from the tax rolls in 1982. However, the property was returned to the tax rolls for 1987 and 1988. Petitioner applied for an exemption pursuant to Real Property Tax Law § 420-a (1) (a) for the tax years 1987 and 1988. The assessor granted the application only in part, however, determining that 64 bungalow units, 6 house trailers and 10 acres of land were taxable. The assessor concluded that because these bungalows, trailers and the 10 acres of wooded land were not used exclusively for religious purposes, they were not entitled to tax exemption and were fully taxable. Petitioner commenced these article 7 proceedings
 
 (see,
 
 Real Property Tax Law art 7) challenging respondent’s determinations which were consolidated for trial by stipulation.
 

 Supreme Court dismissed the petitions after trial, agreeing with the assessor that because the trailer used by the caretaker, the 10 acres of forested land, the bungalows and the five remaining trailers were not used exclusively for religious purposes, they were taxable. The Appellate Division reversed, granted the petitions and declared petitioner’s property wholly exempt from real property taxation pursuant to RPTL 420-a (1) (a) for tax years 1987 and 1988, concluding that "the undisputed evidence adduced at trial mandates a finding that
 
 *249
 
 the entire 31-acre parcel was used exclusively for religious purposes” (172 AD2d 950, 951). This appeal ensued.
 

 Real Property Tax Law § 420-a (1) (a) provides that real property owned by a corporation or association organized or conducted exclusively for religious purposes, if used exclusively for such purposes, shall be exempt from taxation (RPTL 420-a [1] [a]).
 
 *
 
 The term "exclusively”, in this context, has been broadly defined to connote "principal” or "primary” such that purposes and uses merely "auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption”
 
 (Matter of Association of Bar v Lewisohn,
 
 34 NY2d 143, 153;
 
 see also, Matter of Rochester Christian Church v State of New York Pub. Serv. Commn.,
 
 55 NY2d 196, 203;
 
 Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,
 
 29 AD2d 861,
 
 appeal dismissed
 
 23 NY2d 682). Although exemption statutes are to be strictly construed against the taxpayer, the interpretation of those statutes "should not be so narrow and literal as to defeat [their] settled purpose, * * * that of encouraging, fostering and protecting religious and educational institutions”
 
 (People ex rel. Watchtower Bible & Tract Socy. v Haring,
 
 8 NY2d 350, 358;
 
 see also, Matter of Association of Bar v Lewisohn,
 
 34 NY2d 143, 153,
 
 supra).
 

 Respondent Town of Fallsburg does not contest this general rule nor is any question raised as to whether petitioner qualifies as an organization created and conducted for religious purposes. Rather, respondent argues that although portions of the property including some of the dormitories, the communal cooking and eating facilities and recreational facilities were entitled to tax-exempt status because they are used exclusively for religious purposes, those portions of the property that are used exclusively for residential purposes, such as the caretaker’s trailer, the residences of the Rabbis and the bungalows and other trailers used by families spending the summer at the facility, should be deemed fully taxable because they may not be considered "necessary or fairly incidental” to the operation of the religious programs.
 

 
 *250
 
 The test of entitlement to tax exemption under the "used exclusively” clause of the statute is whether the particular use is " 'reasonably incidental]’ to the [primary or] major purpose of the [facility]”
 
 (see, Matter of St. Luke's Hosp. v Boyland,
 
 12 NY2d 135,
 
 143).
 
 Put differently, the determination of " 'whether the property is used exclusively for the statutory purposes depends upon whether its primary use is in furtherance of the permitted purposes’ ”
 
 (Matter of Genesee Hosp. v Wagner,
 
 47 AD2d 37, 44,
 
 affd
 
 39 NY2d 863, quoting
 
 Gospel Volunteers v Village of Speculator,
 
 33 AD2d 407, 411,
 
 affd
 
 29 NY2d 622).
 

 Thus, in
 
 Matter of St. Luke’s Hosp. (supra),
 
 we concluded that although St. Luke’s was not a "free hospital” as contemplated by Tax Law former § 4 (6), then in force, and thus was not entitled to a full exemption for 10 apartment buildings in close proximity to the hospital in which some apartments were occupied by other than hospital personnel, it nevertheless was entitled to the partial exemption for those portions of the apartment buildings occupied by doctors and nurses employed by the hospital because "supplying living accommodations for hospital personnel and their immediate families is a hospital purpose”
 
 (id.,
 
 at 141). So too has it been held that residences and dining facilities provided by exempt institutions are necessarily incidental to the purposes of the institutions as to not interfere with their tax-exempt status
 
 (see, People ex rel. Clarkson Mem. Coll. of Technology v Haggett,
 
 300 NY 595;
 
 Matter of Board of Foreign Missions v Board of Assessors,
 
 244 NY 42;
 
 see also, Matter of Rochester Christian Church v State of New York Pub. Serv. Commn.,
 
 55 NY2d 196,
 
 supra
 
 [school operated by church to educate its children in a religious context intimately related to religious objectives];
 
 People ex rel. Watchtower Bible & Tract Socy. v Haring,
 
 8 NY2d 350,
 
 supra
 
 [farm operated by religious organization to feed its members exempt from taxes although farming not necessarily a religious activity];
 
 Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,
 
 29 AD2d 861,
 
 appeal dismissed
 
 23 NY2d 682,
 
 supra).
 

 As the Appellate Division observed, the uncontradicted record evidence demonstrates that the subject housing facilities are occupied exclusively by staff, teachers, Rabbis, and families, members of which are either students at the yeshivah or parents of students too young to attend the school without parental supervision. If petitioner was unable to provide residential housing accommodations to its faculty,
 
 *251
 
 staff, students and their families, its primary purposes of providing rigorous religious and educational instruction at the yeshivah would be seriously undermined. Thus, these housing facilities are "necessary and reasonably incidental” to the primary purpose of the Woodbourne facility, and this is so notwithstanding the existence of limited housing facilities nearby
 
 (see, Matter of Shrine of Our Lady of Martyrs at Auriesville v Board of Assessors,
 
 40 AD2d 75,
 
 affd without opn
 
 33 NY2d 713).
 

 Respondents argue that the trailer occupied by the caretaker falls outside the "necessary and reasonably incidental” rule, however, because the trailer is merely provided to the caretaker in exchange for his services and thus bears no relation to the purpose of the yeshivah. Respondents rely in support of this assertion upon
 
 Matter of St. Agnes Church v Daby
 
 (148 AD2d 31),
 
 Matter of Yeshivas Bais Yehudi v Assessor of Town of Ramapo
 
 (109 AD2d 744) and
 
 B’Nai B’Rith Club v City of New York
 
 (270 NY 12). Each of these cases is clearly distinguishable, however, and none require a different result here.
 

 In
 
 B’Nai B’Rith (supra),
 
 the property owner neither qualified as a fraternal organization entitled to tax exemption nor was its property used exclusively for charitable or benevolent purposes. Thus, it did not satisfy any of the provisions of Tax Law former § 4 (6), then in effect.
 

 In contrast to the circumstances here, the caretaker in
 
 Yeshivas Bais Yehudi
 
 to whom residential accommodations were provided rent free only devoted approximately "two or slightly more days to his employment with petitioner * * * [and] [i]n addition, * * * [was] self-employed as a house painter” (109 AD2d 744, 745,
 
 supra).
 
 Here, the caretaker lives in the residence year-round and his full-time job is to maintain the premises during the summer months and to keep the property secure during the remaining months of the year. Thus, the use of the residence is clearly incidental to the maintenance of the Woodbourne facility which serves the religious purposes for which petitioner’s corporation was organized, and thus, that residence is also tax exempt
 
 (see, Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,
 
 29 AD2d 861, 861-862,
 
 supra).
 

 Reliance on
 
 Matter of St. Agnes Church v Daby
 
 (148 AD2d 31,
 
 supra)
 
 is equally unavailing. That case involved the analysis and application, not only of RPTL 420-a, but also of RPTL
 
 *252
 
 462, a statutory provision not at issue here. RPTL 462 provides that "property owned by a religious corporation while actually used by the officiating clergymen thereof for residential purposes shall be exempt from taxation.” Although the 462 exemption may be applied in addition to the 420-a exemption and both exemptions can be applied to the same property
 
 (id.,
 
 at 34;
 
 Congregation Kollel Horabonim v Williams,
 
 62 AD2d 866, 867-868,
 
 affd
 
 48 NY2d 301;
 
 Matter of Faith Church of God Full Gospel Mission v Gingold,
 
 54 Misc 2d 296), generally, RPTL 462 applies to a rectory used exclusively as a residence
 
 (Matter of St. Agnes Church v Daby, supra,
 
 at 33).
 

 Rather than seeking an exemption for its rectory pursuant to RPTL 462, the petitioner in that case sought to include the rectory in its application for renewal of its RPTL 420-a exemption on its remaining church property. The Appellate Division concluded that the assessor properly granted only a partial exemption for the rectory pursuant to RPTL. 462 because the rectory was not used exclusively for religious purposes. Although a portion of the rectory was used to conduct parish meetings, counseling sessions and educational classes, the primary use of the rectory was residential. Thus, petitioner was only entitled to a RPTL 462 exemption as to that portion of the rectory. The court apparently determined that the residential use of the rectory was not "incidental or auxiliary” to the primary or religious use of the property so as to qualify for a full 420-a exemption. Here, however, as discussed, the residences for the students and their families are necessary and incidental to the primary use of Woodbourne as a religious educational facility.
 

 Finally, the 10-acre wooded parcel of land used for recreational purposes by the students is incidental to the primary religious purpose of the entire 31-acre parcel, and is entitled to exemption as well
 
 (see, Matter of Chautauqua Inst. v Town of Chautauqua,
 
 35 AD2d 1,
 
 lv denied
 
 27 NY2d 485;
 
 Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,
 
 29 AD2d 861,
 
 supra).
 
 Respondent’s constitutional claim, raised for the first time on this appeal, is unpreserved for this Court’s review.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs.
 

 *
 

 RPTL 420-a (1) (a) states: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.”