■ BOARD OF EDUCATION OF WEST ISLIP UNION FREE SCHOOL DISTRICT et al., Plaintiffs, and AUSTIN T. GAVIN et al., Appellants, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents. [605 NYS2d 432] —White, J. Appeal (transferred to this Court by order of the Court of Appeals) from that part of the judgment of the Supreme Court (Cardona, J.), entered June 30, 1992 in Albany County, which denied plaintiffs' motion for summary judgment declaring the Laws of 1990, ch 175, § 1, to be unconstitutional and which granted defendants' cross motion for summary judgment dismissing the complaint.

In its 1990 session, the Legislature reduced State aid to school districts for the fiscal year 1990-1991 in the amount of $873,711,615 (L 1990, ch 53, § 49-a). At the same time, it added

a new paragraph (i) to Education Law § 521 (2) which deferred the school districts' $873,711,615 1989-1990 fiscal year contribution to defendant New York State Teachers' Retirement System (hereinafter the System), which was to be paid by June 30, 1990, and which provided that it be paid in 15 equal installments at an 8% annual interest rate commencing October 15, 1990 (L 1990, ch 175, § 1).

Plaintiffs,[1] who are three employee members of the System, commenced this action seeking a declaration that the legislation enacting Education Law § 521 (2) (i) is unconstitutional in that it violates the Nonimpairment Clause of the NY Constitution (NY Const, art V, § 7). Following joinder of issue, the parties moved for summary judgment. Supreme Court granted defendants' cross motion for summary judgment dismissing the complaint and found the challenged legislation to be constitutional. We affirm.[2]

When New York City faced bankruptcy, the Legislature enacted legislation directing defendant Comptroller to use the funds of several State retirement systems to purchase bonds of the Municipal Assistance Corporation for the City of New York (L 1975, chs 868, 869, 870). The Court of Appeals found that this mandatory investment of retirement funds entrusted to the charge of the Comptroller violated the constitutional Nonimpairment Clause as it stripped the Comptroller of his discretion in making investments of retirement funds *(see, Sgaglione v Levitt,* 37 NY2d 507). Plaintiffs here maintain that the subject legislation falls within the ambit of *Sgaglione* because it mandates the trustee of the System's retirement funds, defendant Retirement Board of the New York State Teachers' Retirement System (hereinafter the Board), to offer an investment of $873,711,615 of its funds to the State's school districts in the form of a 15-year loan.

We agree with plaintiffs that the deferral provision constitutes a loan because the $873,711,615 was an outstanding obligation due and owing to the System and because the statute provides for the payment of interest, establishes a repayment schedule, gives the System the right to sue for delinquent payments and the school districts the right to prepay. We do not agree, however, that this loan was imposed

---

1. Plaintiff school districts are no longer parties to this action as they did not appeal Supreme Court's ruling that they lack standing.

2. We note that, because this is a declaratory judgment action, Supreme Court's judgment should have contained a declaration in favor of defendants *(see, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 161 AD2d 943, 945, *mod on other grounds* 78 NY2d 194).

upon the Board by the Legislature because the statute expressly provides that paragraph (i) of Education Law § 521 (2) would not take effect "until the * * * [B]oard adopts an eight per centum valuation rate of interest in the manner authorized in [Education Law § 521 (2) (j)]" (L 1990, ch 175, § 5). The clear import of this language is that the Board had the option to either accept the deferral plan by adopting the valuation rate of interest or to veto it by refusing to do so. Thus, having preserved the Board's freedom to exercise its independent judgment whether to make the loan to the school districts, we find that the Laws of 1990, ch 175, § 1, as embodied in Education Law § 521 (2) (i), is constitutional as challenged and does not violate the provisions of NY Constitution, article V, § 7.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that the Laws of 1990, ch 175, § 1 have not been shown to be invalid; and, as so modified, affirmed.