■ In the Matter of AJ & J RESTAURANT CORPORATION, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [613 NYS2d 43] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated January 28, 1992, which, after a hearing, denied the petitioner's application for an on-premises liquor license, the appeal is from an order of the Supreme Court, Westchester County (Scarpino, J.), entered April 13, 1992, which annulled the determination and remitted the matter to the New York State Liquor Authority for further proceedings.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, with costs, the determination is confirmed and the proceeding is dismissed.

The Tabernaculo de Cristo, Assemblea De Iglesias Christo, is located on the ground floor of a two-story building on Main Street in Ossining. On the second floor of the building, there is a residence for the pastor and his family and guest quarters for visiting church members.

On February 25, 1991, AJ & J Restaurant Corporation applied for a liquor license for its Lisboa A Noite restaurant that is adjacent to the church. The New York State Liquor Authority (hereinafter the Authority) denied the application on the ground that the restaurant was within 200 feet of a building used exclusively for worship (see, Alcohol Beverage Control Law § 64 [7]). Thereafter AJ & J commenced this CPLR article 78 proceeding seeking to annul the Authority's determination. The Supreme Court annulled the determination on the ground that the church building was not used exclusively for worship.

We disagree with the Supreme Court's finding that the use of the guest quarters by visiting church members was not incidental to the primary use of the building as a church. "It is well established that 'exclusively' as used in the context of exemption statutes means 'principal' or 'primary', and that uses merely auxiliary or incidental to the main exempt purpose and use will not defeat the exemption" *(Matter of Boiko v Higgins,* 195 AD2d 279, 282; *see also, Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg,* 79 NY2d 244; *Matter of Fayez Rest. v State Liq. Auth.,* 66 NY2d 978). We do not find the existence of the pastor's apartment *(see, Matter of Trustees of Calvary Presbyt. Church v State Liq. Auth.,* 245 App Div 176), nor the periodic overnight lodging of church members *(see, e.g., Matter of Boiko v Higgins, supra)* to be deviations from the primary use of the building for church purposes *(see, Matter of Multi Million Miles Corp. v State Liq. Auth.,* 55 AD2d 866). Thus, because the restaurant is located within 200 feet of a building occupied exclusively as a church, the determination must be confirmed and the proceeding dismissed. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.