■ In the Matter of JOHN V. NEUNER, Appellant, v TOWN OF NEW WINDSOR et al., Respondents. [622 NYS2d 606] —In three consolidated tax certiorari proceedings pursuant to RPTL article 7, to review property tax assessments for the tax years 1988/89, 1989/90, and 1990/91, inclusive, denying the petitioner an age exemption pursuant to RPTL 467, the appeal is from a judgment of the Supreme Court, Orange County (Palella, J.), dated October 26, 1993, which denied the petitions and dismissed the proceedings.

Ordered that the judgment is affirmed, with costs.

RPTL 467 provides for a real property tax exemption with respect to those taxpayers who are 65 or older, conform to certain income parameters, and meet various other requirements. Subdivision (3) of RPTL 467 provides, in pertinent part, as follows:

"3. No exemption shall be granted * * *

"(c) unless the property is used exclusively for residential purposes, provided, however, that in the event any portion of such property is not so used exclusively for residential purposes but is used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be entitled to the exemption provided by this section".

In these proceedings, the petitioner has challenged the determination of the respondent Assessor of the Town of New Windsor (hereinafter the Assessor), which limited the allowable exemption under RPTL 467 to only a portion of the petitioner's property. Specifically, the Assessor limited the exemption only to that 3.2 acre portion of the petitioner's 79-acre parcel that she found was actually being used for residential purposes.

We conclude that the granting of the partial exemption was permissible under the statute (see, Matter of Trustees of Sailors' Snug Harbor v Tax Commn., 26 NY2d 444; see also, People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 358; Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsberg, 79 NY2d 244, 249). Moreover, we conclude that the Assessor's determination that only 3.2 acres of the

total parcel was being used for residential purposes was supported by the record and was not arbitrary and capricious *(see, Matter of Trustees of Sailors' Snug Harbor v Tax Commn., supra)*. Under such circumstances, the Supreme Court properly dismissed the proceedings.

We note that our previous decision involving a prior tax year of the subject parcel is distinguishable on the law, since a relevant amendment to RPTL 467 applies to the tax years here at issue *(see, Neuner v Town of New Windsor, 130 AD2d 637; see also, L 1985, ch 440, § 2, eff. Jan. 2, 1986)*. It is also distinguishable on the facts, since in that case the parties' stipulation obviated the need for a factual determination. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.