*881 OPINION OF THE COURT
Allan L. Winick, J.
The petitioner, a recognized religious corporation, for the year 2000 applied for tax exemption of its real property in East Meadow, New York. As it had done in years past, it filed two applications, one under section 420-a of the Real Property Tax Law covering the church building itself and the school, and one under section 462 of the same law covering the parsonage where the pastor lived and another residential building, designated as 379 Green Avenue, occupied by the choir director. In past years tax exemption had been routinely granted by the Assessment Department of Nassau County, but for the year 2000 a question was raisqd as to the eligibility of the building used by the choir director for tax exemption.
After a telephone conversation between the pastor and a representative of the Department of Assessment, the pastor, Father Garklavs, was asked to send a letter regarding the use of 379 Green Avenue by the choir director.
In response Father Garklavs, in a brief letter, stated that the building was used by the choir director, a nonordained layman with special liturgical music training, who used the building as a rent-free residence in exchange for his services. The letter also provided that the choir director had another secular job on Long Island.
Based on this response, the Department (respondent) denied a tax exemption for 379 Green Avenue under both sections 420-a and 462 of the Real Property Tax Law on the theory that the building was not being used “exclusively” for an exempt purpose.
The petitioner filed a CPLR article 78 proceeding to challenge this ruling. Reviewing the petition and the response thereto, Mr. Justice Joseph determined that there were issues of fact which required a hearing to determine the uses to which the house was put, and whether it qualified for a tax exemption. (Order dated Nov. 15, 2000.)
These issues were referred to the undersigned for a hearing which took place on December 18, 2000.
Petitioner’s sole witness was Father Garklavs, who testified that the choir director was ordained within the orthodox church as a subdeacon and cantor. The choir director was considered part of the liturgical staff. He participated in all services on Saturdays and Sundays, as well as feast days. In addition, the choir director participated in all the sacramental needs such as baptisms, marriages and funerals.
*882 Father Garklavs further testified that the building in question is a two-story Cape Cod, two bedrooms upstairs, one bathroom, a kitchen, dining room and living room downstairs. Keys to the house were held by both the choir director and the church authorities. In addition to use as a residence by the choir director, 379 Green Avenue is also used for choir rehearsals, Sunday bible school classes, meetings of the Church sisterhood, youth retreats and also as occasional housing for visiting clergy.
The respondent’s sole witness was a supervisor whose task it was to ultimately make the determination as to tax exemption. This supervisor had made a field inspection of the church property and spoke to Father Garklavs, but never entered the building in question. His conversation with Father Garklavs yielded the same information imparted by Father Garklavs on the witness stand.
Procedural issues were raised at the hearing by the court, because the application for tax exemption of 379 Green Avenue was included in the application form under RPTL 462, while the application for the church and school were made on an application form under RPTL 420-a. This procedure was used by the petitioner in years past and had raised no question of exemption from the Department except for the year 2000.
In its determination for the year 2000, the Department lumped together the two applications in denying tax exemption for 379 Green Avenue. Mr. Justice Joseph never mentioned this procedural problem in his order referring the factual issues for a hearing, and it was not raised by the respondent prior to the hearing. Consequently, as the Department denied the tax exemption under both sections of the RPTL, and the petition seeks redress under both sections, the court will treat the application covering 379 Green Avenue as timely and properly made under both sections.
Mr. Justice Joseph’s order expressly provided that determination of this proceeding and “what is a correct abatement, if any” was to await the full evidentiary hearing. Consequently, this court must examine all of the evidence presented in reaching a decision on the merits of the petition.
For the reasons which follow, the petition is granted to the extent that the determination of respondent denying an exemption for 379 Green Avenue, East Meadow, New York, pursuant to RPTL 420-a is annulled, and respondent is directed to grant the requested exemption pursuant to RPTL 420-a. The petition is denied to the extent that respondent’s denial of exemption for the building pursuant to RPTL 462 is sustained.
*883 Turning to the latter provision first, RPTL 462 provides an exemption to religious corporations for property used for residential purposes by “officiating clergymen.” (See Congregation Beth Mayer v Board of Assessors, 70 AD2d 926 [residence of rabbi exempt]; Matter of Faith Church of God Full Gospel Message v Gingold, 54 Misc 2d 296 [parsonage for pastor and bishop exempt].) Here, Father Garklavs testified that, although the choir director was ordained a subdeacon and cantor within the orthodox church, he could not officiate at weddings or funerals and his responsibility was to provide liturgical music for these ceremonies.
On this record, petitioner has failed to establish that its choir director is an “officiating clergym[a]n” within the meaning of RPTL 462, and for this reason tax exemption pursuant to this section is denied. Consequently, there is no need to consider the availability of a partial exemption under this section as in Matter of St. Agnes Church v Daby (148 AD2d 31).
RPTL 420-a (1) (a) provides an exemption from taxation for, inter alia, property owned by a religious corporation and “used exclusively” for carrying out the purposes of the religious corporation. As noted already in this case by Mr. Justice Joseph, it is well established that the term “exclusively” in this context means “principally,” or “primarily.” (Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249; Matter of Association of Bar v Lewisohn, 34 NY2d 143, 153.) Consequently, use of the property that is “merely ‘auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption.’ ” (Matter of Yeshivath, supra, at 249; Association of Bar, supra.)
In Yeshivath (supra), the Court of Appeals found that a 31-acre parcel of land in upstate New York, used primarily in the summer for religious and educational instruction, was fully exempt pursuant to RPTL 420-a (1) (a). The Court stated that “[t]he test of entitlement to tax exemption * * * is whether the particular use is ‘ “reasonably incident [al]” to the [primary or] major purpose of the [facility]’.” (Yeshivath, supra, at 250.) Under this test, housing facilities for the petitioner’s summer faculty, staff, students and families, and even for the year-round caretaker, were found to be “reasonably incidental” to the primary religious purpose of the property. Indeed, even a 10-acre wooded portion of the property used for hiking was found to be used for purposes, incidental to the primary religious purpose of the entire 31-acre parcel.
Here, respondent has denied the requested tax exemption on the ground that 379 Green Avenue is primarily used as *884 the choir director’s residence. The record demonstrates otherwise. 379 Green Avenue is used for a variety of primarily religious purposes including choir rehearsals, bible study classes, retreats and religious meetings. The fact that it is used for residential purposes by the choir director, who provides liturgical music at all weekend services and sacramental ceremonies, and occasionally by visiting clergy, is plainly incidental to the religious purpose of the building. On this record and the authority of Yeshivath (supra), 379 Green Avenue is entitled to a full exemption under RPTL 420-a (1) (a). (See also Matter of AJ & J Rest. Corp. v New York State Liq. Auth., 205 AD2d 530, lv denied 84 NY2d 805, and Matter of Boiko v Higgins, 195 AD2d 279, lv denied 82 NY2d 664 [where, in other contexts, residential use of part of a building was found to be incidental to the main exempt purpose of the building].)
Respondent argues that this case is controlled by Matter of Yeshivas Bais Yehudi v Assessor of Town of Ramapo (109 AD2d 744). In Yehudi, the Court found that property used by a part-time maintenance worker as a residence was ineligible for exemption pursuant to RPTL 420-a (1) (a). However, in Yehudi there was no evidence of any other uses of the building at issue. For this reason Yehudi is easily distinguishable.
Finally, the court’s finding of a full exemption under RPTL 420-a comports with the policy of encouraging, fostering and protecting religious institutions because they are “beneficial to the public, [and] necessary to the advancement of civilization * * * and the promotion of the welfare of society.” (People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 357, rearg denied 9 NY2d 688 [farm operation and sale of surplus produce found reasonably incident to religious purposes of owner].)
Based on the foregoing, the petition is granted in part and denied in part as set forth above. Premises known as 379 Green Avenue, East Meadow, New York, is declared to be exempt from real estate taxes pursuant to RPTL 420-a for the tax year 2000.