■ CONGREGATION BETH MAYER, INC., Appellant, v BOARD OF ASSESSORS OF THE TOWN OF RAMAPO, Respondent.—In an action to declare tax exempt certain property, the plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered April 3, 1978, which dismissed the petition, after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and the property in question is declared tax exempt for the tax years 1975-1976, 1976-1977 and 1977-1978. There was evidence as to a parallel religious corporation operating at the subject premises, Congregation Chevra Shas. But this corporation and plaintiff had the same members, rabbi, purposes, and functions, and since, for all practical purposes, they were identical, tax-exempt status should not have been denied on this account (see Real Property Tax Law, § 421; *Williams Inst. Colored M. E. Church v City of New York,* 300 NY 716). Moreover, the rabbi's living quarters should also be entirely tax exempt (see Real Property Tax Law, § 462). Although the rabbi's wife engaged in a part-time, free-lance interior designing business and used the bedroom for this purpose at times, no part of the parsonage was specifically set aside for her business use, most of her work was done in showrooms or clients' homes and she did not claim any tax exemption for use of her home as an office. Her business therefore did not interfere with the primary use of the living quarters as a parsonage. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.