■ In the Matter of NORTH MANURSING WILDLIFE SANCTUARY, INC., Respondent, v CITY OF RYE et al., Appellants.—In a proceeding, *inter alia,* to review the tax assessments levied by the City of Rye upon the real property of the petitioner, the appeal is from a judgment of the Supreme Court, Westchester County, entered August 5, 1977 which, *inter alia,* determined that petitioner's property is exempt from taxation as provided in section 421 of the Real Property Tax Law. By order dated July 10, 1978 this court reversed the judgment, on the law, and dismissed the proceeding on the merits. On October 18, 1979, the Court of Appeals reversed the order of this court and remitted the case to this court for a review of the facts *(Matter of North Manursing Wildlife Sanctuary v City of Rye,* 64 AD2d 632, revd 48 NY2d 135). Judgment affirmed, with costs. Upon our review of the facts, Special Term's determination was not against the weight of the evidence. The evidence adduced at the hearing demonstrated that the property in question is indeed being used primarily as a wildlife sanctuary and that the petitioner is a legitimate corporation organized and conducted for an exempt purpose. The record also shows that the property was set aside primarily for the benefit of the public, and that it is not merely a private park maintained for the benefit of the landowners of North Manursing Island. Thus, the testimony at the hearing revealed that the members of the petitioner founded the organization upon the advice of a conservationist—who regarded the area as suitable for a wildlife sanctuary. The property is

used solely as a sanctuary for water fowl, songbirds, ducks, raccoons, and possum. Planting of flora was done in order to serve as feed, and phragmites (a type of weed) were destroyed in order to insure the island's continuous attraction of birds and animals. Costs for this continuing work are defrayed by contributions from the members. Moreover, the president of the petitioner, who also happens to be director of the Rye Nature Center, testified that *because of the many birdwatchers in and around Rye,* many specialized types of plants and shrubs that are attractive to birds were purchased. The birds which are attracted also frequent other nearby lands and thus birdwatchers are able to view them on neighboring properties. We also find significant the testimony of a professional wildlife conservationist who stated that the area is a major resting, breeding and stopping point for migratory birds and ideally suited for sanctuary purposes. Also noteworthy is the fact that on weekends, a guard is posted on the island and he is instructed to help visitors in every possible way. People are permitted to fish in the water by the sanctuary. While it is true that people are discouraged from walking on the upland because this would be counterproductive to using it as a sanctuary, they may use the two roads that border the sanctuary as viewing points. In view of the foregoing, we hold that Special Term properly concluded that the property was organized primarily as a wildlife sanctuary and for the good of the public, and therefore for an exempt purpose. The mere existence of the sanctuary has resulted in an increased attraction of birds, which has inured to the benefit of many of the residents who are not members of the organization. Without the regular maintenance provided by the organization, the phragmite weed would grow to such an extent as to render the area inviable as a wildlife sanctuary. It is interesting to note that there was *no* direct evidence introduced at the hearing that the purported public benefit was a mere pretext or token to shield what was essentially a private enclave from taxation. (See *Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476, 485.) Absent any clear cut indication that the stated purposes of petitioner are other than that testified to at the hearing, it cannot be said that Special Term's finding was against the weight of the evidence. Moreover, as implied above, Special Term's determination is supported by the fact that at the hearing, the City of Rye failed to introduce into evidence anything to contradict the position taken by the petitioner. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.