■ In the Matter of NASSAU COUNTY COUNCIL BOY SCOUTS OF AMERICA, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF ROCKLAND, Appellant. — Appeal from a judgment of the Supreme Court in favor of petitioner, entered April 1, 1980 in Sullivan County, upon a decision of the court at Trial Term (Williams, J.), without a jury, which granted petitioner's application, in a proceeding pursuant to article 7 of the Real Property Tax Law, for tax exempt status for the tax years 1978-1980. Petitioner Nassau County Council Boy Scouts of America is the owner of a tract of land located in the Town of Rockland, Sullivan County, emcompassing approximately 4,300 acres. This parcel, known as the Onteora Scout Reservation, is a camping facility used by the Boy Scouts. In 1977 and thereafter, respondent Board of Assessors of the Town of Rockland placed approximately 3,700 acres of the camp on the town's tax rolls. Petitioner then instituted the instant proceeding contending that the entire camp was tax exempt pursuant to section 421 of the Real Property Tax Law. After trial, Trial Term granted petitioner's application, finding the entire camp tax exempt. This appeal ensued. The pertinent statute, section 421 of the Real Property Tax Law, provides, *inter alia,* that: "1. (a) Real property owned by a corporation or association organized or conducted exclusively for * * * moral or mental improvement of men, women or children * * * and *used. exclusively* for carrying out thereupon * * * such purposes * * * shall be exempt from taxation * * * 2. If any portion of such property is not so *used exclusively* to carry out thereupon * * * such purposes but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt [emphasis added]." The term "exclusive", as used in section 421, means "principal" or "primary" *(Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476, 483). In order for the 3,700 challenged acres of the Boy Scout camp to be properly determined as tax exempt, petitioner must establish that: (1) it is organized exclusively for purposes enumerated in section 421; (2) its property is used primarily in furtherance of such purposes; and (3) no pecuniary profit (beyond reasonable compensation) inures to the benefit of its officers, members or employees, nor is such property used as a guise for profit-making operations *(University Auxiliary Servs. at Albany v Smith,* 78 AD2d 959, 960, affd 54 NY2d 986). It is undisputed that petitioner fulfills the first and third requirements. Thus, the question narrows to whether the portions of the camp sought to be taxed here are used primarily in furtherance of the concededly exempt purposes for which petitioner was organized. Respondent interposes two arguments concerning the primary use of the lands in question. First, respondent points to testimony indicating that the subject camping facility is rather large compared to other facilities and argues that much of the 3,700 acres are used so infrequently that such acreage is in a state of "non-use" and, therefore, not entitled to an exemption. Second, respondent asserts that approximately 2,300 of the 3,700 acres it seeks to tax are "primarily used" for commercial lumbering and

timbering activities. Such argument is grounded upon the fact that a 2,300-acre parcel has been subject to timber sale contracts which produced annual income of approximately $10,000 in 1977 and 1978 and $20,000 in 1979. We conclude that the 3,700 acres in question are used primarily in furtherance of the exempt purposes for which the Boy Scouts are organized. The record reveals that the heavily wooded 3,700 acres are transversed by miles of hiking trails and old logging roads, which are used by Boy Scouts seeking to earn merit badges in hiking, camping, wilderness survival, forestry and the like. Moreover, this area is an integral part of the camp, serving to preserve the character of the facility and thus entitled to exemption *(Matter of Wildlife Preserves v Scopelliti,* 66 Misc 2d 611, 614; see, also, *University Auxiliary Servs. at Albany v Smith, supra)*. Finally, the lumbering activities do not alter the primary use of the 2,300-acre area. In light of the vast potential for commercial logging on the property, the revenue presently derived from lumbering, used to defray the cost of operating the camp, evinces minimal activity. This, together with the fact that the lumbering activities do not interfere with the use of the camp, leads to the conclusion that the lumbering operation was merely incidental to the exempt purpose and, therefore, will not defeat the exemption *(Mohonk Trust v Board of Assessors of Town of Gardiner, supra,* p 483; *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350). Judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.