■ In the Matter of GEORGE R. INGHAM, Appellant, v TOWN OF DICKINSON et al., Respondents. (And Another Related Proceeding.) [597 NYS2d 173] —Mikoll, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 13, 1992 in Franklin County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to review determinations of respondents regarding petitioner's 1989 and 1990 real property tax assessments.

The question before us is whether petitioner's home is entitled to a real property tax exemption under RPTL 460 as real property of a disabled minister. Petitioner claims that he is a disabled minister for a congregation denominated The Church of the Disciples, which he claims he served from 1976 to 1983. Petitioner also claims that in 1984 he became permanently disabled and retired. He had previously served as a

Methodist deacon but his temporary license to function was revoked in 1976.

Petitioner has the burden of proof to establish entitlement to the tax exemption *(see, People ex rel. Watchtower Bible & Tract Socy. v Mastin,* 191 Misc 899). Petitioner must prove that the organization of which he claims to be a minister exists for a primary religious purpose and has a distinct form of worship. He must also prove that he was appointed to lead the congregation.

The record discloses that petitioner was employed full time as a psychiatric counselor and nursing assistant at a mental health center in Oswego County. He alleges that since his disfranchisement by the Methodist Church, he has served as a minister for The Church of the Disciples and that his home has served as a church for a congregation of some 40 inner-city families. He avers that he continued to function in belief, duties and relationship to his congregation as a Methodist minister would.

We find the petition insufficient to establish entitlement to the tax exemption. The record is devoid of any credible evidence that petitioner is a minister of a denomination with any congregational form of government from whence authority might flow to empower him to work for said church. A court will not take judicial notice of the status and authority of a particular kind of ecclesiastical officer *(see, Rector, Church-wardens & Vestrymen of Christ's Church v Collett,* 208 App Div 695, *affd* 240 NY 563). There must be allegation and proof of such a matter *(see, Baxter v McDonnell,* 155 NY 83). There is a failure of any proof not only of the nature or status of the church body that petitioner represents, but also a failure to demonstrate his authority under the rules of the church to act for it.

Petitioner's activities, though of a religious nature (e.g., bible study, counseling), fall short of establishing that he functioned with the authority of a minister. The activity of one individual does not constitute a church *(see, Matter of Lefkowitz v Burden,* 22 AD2d 881). In addition, the record is barren of proof of his disability.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.