■ In the Matter of ADIRONDACK LAND TRUST, INC., Appellant, v TOWN OF PUTNAM ASSESSOR et al., Respondents. [611 NYS2d 332] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered July 12, 1993 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to RPTL article 7, to declare certain real property owned by petitioner to be wholly tax exempt.

Petitioner is a New York not-for-profit corporation organized for the purpose of, *inter alia,* "conserv[ing], maintain[ing] and enhanc[ing] the physical and aesthetic environment, natural resources and economy of the Adirondack area". In August 1990, in furtherance of this objective, petitioner purchased a single parcel of real property comprising approximately 168 acres of undeveloped land, with roughly 0.8 mile of shoreline on the east shore of Lake George, in the Town of Putnam, Washington County. The parcel has no reasonable means of overland access—although petitioner acquired, along with the property, a right-of-way across neighboring property, it has not yet developed a road or trail to take advantage of this right—but it is accessible by boat.

Shortly after completing the purchase, petitioner removed several "no trespassing" signs and posted new signs along the shoreline identifying the property as a nature sanctuary and advising that certain activities were prohibited thereon. Petitioner also embarked upon an extensive publicity campaign to inform the public of the purchase, and to promote the fact

that the property would henceforth be open for hiking and other compatible activity. Public gatherings were held, with over 600 invitations sent to area residents, and a press release was issued to "all major newspapers in New York State", as well as to all local papers.

Respondents, having assessed the property at $831,250 on the 1992-1993 tax roll, denied petitioner's application for an exemption under RPTL 420-a, prompting this RPTL article 7 proceeding. After the petition was filed, both parties moved for summary judgment, and Supreme Court granted respondents' motion. Petitioner appeals.

To qualify for a tax exemption under RPTL 420-a (1) (a), the section relied upon by petitioner, real property must be owned by a nonprofit corporation or association that is organized or conducted for one or more exempt purposes, and the property itself must be used primarily for such purposes (see, RPTL 420-a [1] [a]; *Mohonk Trust v Board of Assessors,* 47 NY2d 476, 482). Of these qualifications, only the last is at issue here; it is undisputed that petitioner is a not-for-profit corporation and that its environmental and conservation purposes are tax-exempt charitable purposes (see, *Matter of North Manursing Wildlife Sanctuary [City of Rye],* 48 NY2d 135, 139). Respondents assert, however, that the subject property cannot be used by the public in any meaningful way because of petitioner's failure to create overland access, to build a dock or to establish hiking trails, and that this justifies its finding that the property is not used for a public purpose (see, supra, at 140). We disagree.

Use of property as a wildlife or nature sanctuary is a use in keeping with charitable purposes (see, supra, at 139). Furthermore, it is recognized that "restricted access to and use of a wildlife sanctuary is essential lest the sanctuary fail of its purpose" (supra, at 140; see, *Matter of Symphony Space v Tishelman,* 60 NY2d 33, 39; *Matter of New York Botanical Garden v Assessors of Town of Washington,* 55 NY2d 328, 337). That the restrictions are necessitated by the character of the land itself, rather than by the owner's affirmative acts, is irrelevant, if they are not inconsistent with maintaining the habitat in its natural state and protecting the wildlife—which, on petitioner's land, includes a threatened species, the timber rattlesnake—from undue interference.

Although excluding the public entirely or discouraging public access "while allowing special or unrestricted privileges to the members of the organization" (*Matter of North Manursing*

*Wildlife Sanctuary [City of Rye], supra,* at 140) indicates that the property owner is using a purported public benefit as a "mere pretext" to shield an essentially private use from taxation *(Matter of North Manursing Wildlife Sanctuary v City of Rye,* 75 AD2d 855, 856), and thus constitutes a basis for denying an exemption, petitioner has done neither of these things. To the contrary, it has widely publicized the fact that the property is accessible by boat and is available for activities (e.g., organized canoe trips to the site) that are in keeping with its status as a nature preserve. There is no suggestion in the record that petitioner has provided superior access or privileges to its members or has otherwise used the property in any manner inconsistent with its charitable purposes. There is, accordingly, no basis for denial of the tax exemption sought.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to petitioner and it is declared that petitioner's subject property is tax exempt under RPTL 420-a.