[643 NYS2d 770]

In the Matter of FARM SANCTUARY, INC., Appellant, v JOHN PATTON, as Assessor of the Town of Orange, et al., Respondents.

Third Department, June 13, 1996

**APPEARANCES OF COUNSEL**

*John C.T. Hayes,* Watkins Glen *(Milbank, Tweed, Hadley & McCloy,* New York City *[David J. Wolfson, Harry E. White, Jr.* and *Christine Griff]* of counsel), for appellant.

*Braddock S. Pearce,* Dundee, for respondents.

## OPINION OF THE COURT

CARDONA, P. J.

Petitioner is a Delaware nonprofit corporation organized for the purpose of the "benevolent care of abandoned and maltreated animals". According to petitioner, its primary function is the rescue of abandoned and abused farm animals from livestock facilities. The animals are permitted to live in a protected farm setting. In furtherance of these purposes, petitioner owns 175 acres in the Town of Orange, Schuyler County, improved with several buildings, including a farmhouse and barns, which are used to house staff and care for the animals. Petitioner sought and was denied a real property tax exemption. The Town's Board of Assessment Review (hereinafter Board) determined, *inter alia*, that the benevolent care of farm animals was not a charitable purpose so as to qualify for a tax exemption pursuant to RPTL 420-a. Petitioner commenced this proceeding alleging that it was entitled to a tax exemption and appeals from Supreme Court's judgment dismissing the petition.

The issue is whether petitioner's activities entitle it to be classified as a charitable organization under RPTL 420-a (1) (a). Insofar as pertinent here, the statute provides an exemption from real property tax for "[r]eal property owned by a corporation or association organized or conducted exclusively for * * * charitable * * * purposes * * * and used exclusively for carrying out thereupon * * * such purpose[ ]". The word "exclusively" has been interpreted to mean "principally" or "primarily" (*Mohonk Trust v Board of Assessors,* 47 NY2d 476, 483). Supreme Court determined, *inter alia*, that a charitable purpose related to benefiting people, mankind or the community and, therefore, petitioner's limited farm animal scope did not qualify as a charitable purpose. We disagree.

Although real property tax exemption statutes are to be strictly construed against the taxpayer, a narrow and literal interpretation that defeats the exemption's purpose is to be avoided (*see, Matter of Symphony Space v Tishelman,* 60 NY2d 33, 36). While there is no precise statutory definition of a charitable purpose, such purpose has been determined to include relief of poverty, advancement of education, promotion of health, governmental and municipal purposes (*see,* Restatement [Second] of Trusts § 368 *et seq.; see also,* 18 NY Jur 2d, Charities, §§ 8, 11-23, at 170-172, 175-188). In noting these

activities, Black's Law Dictionary (234 [6th ed 1990]) states that the phrase, as used for the purpose of tax exemption, has "as its common element the accomplishment of objectives which are beneficial to community or area". Although the terms charitable and charity are defined in terms of aid and assistance to humans (*see, e.g.*, Webster's Ninth New Collegiate Dictionary 228 [1983, 1987]), a trust to establish an animal home (*Matter of Hamilton*, 270 App Div 634, *affd* 296 NY 578) and a testamentary disposition to provide shelter and care for homeless domestic animals (*Matter of Hill*, 45 Misc 2d 36) have been held to be charitable activities (*see also*, 18 NY Jur 2d, Charities, § 21, at 186-187; Restatement [Second] of Trusts § 374, comment *c*). As this Court has noted, "the care and comfort of animals [is] generally beneficial to mankind" (*Matter of Hamilton, supra*, at 636). Here, the primary purpose of petitioner's incorporation is the care and maintenance of abandoned and abused farm animals. Therefore, the court should not have disqualified petitioner from tax-exempt status solely on that basis.

However, in order to be deemed charitable under Real Property Tax Law § 420-a (1) (a), the property must also actually be used for a public purpose (*see, Matter of North Manursing Wildlife Sanctuary [City of Rye]*, 48 NY2d 135, 140). That is, the tax exemption applies for charitable uses which benefit the public and not those which benefit only their creators (*see, supra*). Here, some evidence was submitted indicating public benefit through public use. However, this issue was never finally determined or fully explored by the Board. In our view, therefore, under the present statute, given that petitioner's stated purpose and actual operation are both charitable in appearance, its application for tax-exempt status should not have been summarily disallowed.

Accordingly, we remit this matter to the Board to determine whether petitioner was principally or primarily caring for farm animals and doing so for the benefit of the public in order to qualify for the tax exemption. As the Court of Appeals has noted, the "determination of an organization's primary purpose may turn upon the extent to which it pursues the various purposes for which it was created, and is not necessarily dependent solely upon the language of the document pursuant to which the organization operates" (*Mohonk Trust v Board of*

*Assessors*, 47 NY2d 476, 484, *supra*).\* Here, although the Board noted that a large percentage of petitioner's funds "appeared to be used for fund raising purposes or other non-care activities", no specific determination was reached on this question. Likewise, while the Board questioned whether the entire 175 acres was actually used in furtherance of petitioner's stated purposes (*see, Matter of Nassau County Council Boy Scouts v Board of Assessors*, 84 AD2d 862, *lv denied* 55 NY2d 607), it did not make a final determination on this issue. Thus, until the above issues are decided by the Board, it cannot be determined whether petitioner should be granted tax-exempt status.

MIKOLL, CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, determination annulled and matter remitted to the Town of Orange Board of Assessment Review for further proceedings not inconsistent with this Court's decision.

---

\* In this regard, petitioner has alternatively argued that it was also organized for educational purposes. The record, however, supports the Board's conclusion that petitioner's incorporation was not educational (*see, Matter of Highland Lake Bible Conference v Board of Assessors*, 92 AD2d 655, *lv denied* 59 NY2d 604). Thus, while an organization may be entitled to an exemption if it is either organized *or* actually conducted primarily for an exempt purpose (*Mohonk Trust v Board of Assessors*, *supra*, at 484), petitioner's actual activities as opposed to its stated purpose do not qualify it for tax-exempt status as an educational organization.