■ In the Matter of WORD OF LIFE MINISTRIES, Petitioner, v NASSAU COUNTY et al., Respondents. (Proceeding No. 1.) In the Matter of WORD OF LIFE MINISTRIES, Respondent, v INCORPORATED VILLAGE OF FREEPORT, Appellant. (Proceeding No. 2.) [769 NYS2d 378] —In two related proceedings pursuant to CPLR article 78, inter alia, to review a determination of the Incorporated Village of Freeport, dated November 2, 2000, denying the petitioner's application, inter alia, pursuant to RPTL 462 for an exemption from real estate taxes on certain properties, which were consolidated for trial, the Incorporated Village of Freeport appeals from so much of a judgment of the Supreme Court, Nassau County (Skelos, J.), entered July 18, 2002, as, after a nonjury trial, annulled its determination, and, in effect, directed that the application be granted.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Word of Life Ministries (hereinafter the petitioner), a not-for-profit religious corporation and church, sought, inter alia, real estate tax exemptions under RPTL 462 on certain properties located in the Incorporated Village of Freeport which the petitioner provided as parsonages for assistant pastors. The Village denied the petitioner's application, based on its determination that the subject properties were not eligible for a tax exemption under the statute since the properties were not used exclusively as residences of "officiating clergy," as the Village defined that term.

RPTL 462 states, in relevant part, that:

"[i]n addition to the exemption provided in section four hundred twenty-a of this article, property owned by a religious corporation while actually used by the officiating clergymen thereof for residential purposes shall be exempt from taxation."

Contrary to the Village's contention, the Supreme Court properly found that the assistant pastors were "officiating clergymen" under RPTL 462 since the petitioners presented evidence establishing that the pastors were full-time ordained clergy with no outside secular employment who officiated at communions, weddings, and funerals, took part in church services, and shared in preaching assignments (see RPTL 462; Congregation Beth Mayer v Board of Assessors of Town of Ramapo, 70 AD2d 926 [1979]; cf. Matter of Holy Trinity Orthodox Church of E. Meadow v O'Shea, 186 Misc 2d 880, 883 [2001]). Accordingly, the Supreme Court properly annulled the Village's determination and, in effect, directed that the application be granted.

The Village's remaining contentions are without merit.

Smith, J.P., Townes, Cozier and Mastro, JJ., concur. [*See* 191 Misc 2d 110.]