█ In the Matter of KSIAZE CHYLINSKI-POLUBINSKI TRUST, INC., Appellant, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF DE KALB et al., Respondents. (Proceeding No. 1.) In the Matter of KSIAZE CHYLINSKI-POLUBINSKI TRUST, INC., Appellant, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF MACOMB et al., Respondents. (Proceeding No. 2.) In the Matter of KSIAZE CHYLINSKI-POLUBINSKI TRUST, INC., Appellant, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF ROSSIE et al., Respondents. (Proceeding No. 3.) [799 NYS2d 631]—

Kane, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered May 13, 2004 in St. Lawrence County, which dismissed petitioner's applications, in three proceedings

pursuant to CPLR article 78, to review respondents' determinations denying petitioner's requests for real property tax exemptions.

Petitioner, a nonprofit corporation authorized to do business in New York, acquired several parcels of land in three counties, including approximately 430 acres in the Towns of De Kalb, Macomb and Rossie, St. Lawrence County, which are the subject of these proceedings. Petitioner's articles of incorporation list the conservation of natural resources among its purposes. In cooperation with governmental agencies, petitioner developed forest management and forest stewardship plans and included part of its land in a federal wetland reserve program. Both the state and federal governments have exempted petitioner, as a charitable organization, from paying sales tax.

In 2003, petitioner applied to the assessors of the three towns pursuant to RPTL 420-a for tax exemptions for the property at issue. Upon denial of the exemptions by the assessors and subsequent denials by the respective respondents Boards of Assessment Review, petitioner commenced these three CPLR article 78 proceedings seeking annulment of respondents' determinations. Supreme Court dismissed the petitions, prompting petitioner to appeal.

Supreme Court did not err in dismissing the petitions. To qualify for the tax exemption sought here, "real property must be owned by a nonprofit corporation or association that is organized or conducted for one or more exempt purposes, and the property itself must be used primarily for such purposes" (*Matter of Adirondack Land Trust v Town of Putnam Assessor*, 203 AD2d 861, 862 [1994], *lv denied* 84 NY2d 809 [1994]; *see* RPTL 420-a [1] [a]; *Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 482 [1979]). The taxpayer seeking a real property tax exemption bears the burden of proof (*see Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]). Here, respondents concede that petitioner is a nonprofit organization and that it is organized, at least in part, for conservation purposes which are tax-exempt charitable purposes (*see Matter of North Manursing Wildlife Sanctuary [City of Rye]*, 48 NY2d 135, 139 [1979]; *Matter of Adirondack Land Trust v Town of Putnam Assessor, supra* at 862). Petitioner failed to prove that the property was actually primarily used for a public purpose (*see Matter of Farm Sanctuary v Patton*, 221 AD2d 67, 69 [1996]). Proof was submitted that is equivocal concerning a public purpose: petitioner planted thousands of trees for reforestation; forest management and stewardship plans were developed; there are trails on the prop-

erty; and part of the property was designated as federal wetlands, though that designation was made by a grantor before petitioner acquired the property. Petitioner's applications for exemption stated that the property is not regularly occupied or occasionally used by persons or organizations other than petitioner. The only unequivocal evidence that the property is available for public use is that petitioner posted signs permitting public access. Petitioner's posting of the property in a remote area is a far cry from the efforts made by the property owners in *Mohonk Trust v Board of Assessors of Town of Gardiner* (*supra* at 480-481) and *Matter of Adirondack Land Trust v Town of Putnam Assessor* (*supra* at 861-862). Therefore, petitioner's evidence was insufficient to prove that the property was actually used for a public purpose.

Petitioner also failed to prove that it was entitled to exemptions for land not actually in use based on the absence of suitable buildings or improvements if construction of such improvements is in progress or is contemplated in good faith (*see* RPTL 420-a [3] [a]). Despite petitioner's allegations that it has spent over $100,000 renovating buildings on the property in the Town of Macomb, petitioner answered on its applications for exemption that no improvements or buildings were contemplated, and questions regarding financial resources for improvements and when construction will begin were marked "[n]ot applicable." Thus, petitioner did not prove that necessary improvements were in progress or contemplated in good faith.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.