■■■ In the Matter of UNITED CHURCH RESIDENCES OF FREDONIA, NEW YORK, INC., Doing Business as CONCORD ESTATES,

Respondent, v ROGER NEWELL, as Assessor of Town of Pomfret, et al., Appellants, et al., Respondent. [842 NYS2d 352]—

Appeals from a judgment (denominated order) of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered August 7, 2006 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and annulled the determination of respondent Roger Newell, Assessor, Town of Pomfret, denying petitioner's application for a real property tax exemption pursuant to RPTL 420-a.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner is a not-for-profit corporation that owns property consisting of 40 residential units that were constructed using financing obtained from the United States Department of Housing and Urban Development (HUD). Petitioner provides housing for low-income individuals who are at least 62 years old and who meet the income requirements set by HUD. Residents pay 30% of their monthly income toward rent, and the remainder of the rent is subsidized by HUD. Roger Newell, the Assessor of the Town of Pomfret (respondent), denied petitioner's application for a real property tax exemption pursuant to RPTL 420-a, and petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul that determination.

Supreme Court erred in granting the petition and annulling respondent's determination. RPTL 420-a provides that real property owned by a corporation organized or conducted exclusively for a charitable purpose is exempt from taxation. In order to qualify for that exemption, petitioner has the burden of establishing that it is organized exclusively or primarily for a charitable purpose and that its land is used primarily for a charitable purpose (see *Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 483 [1979]; *Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb*, 21 AD3d 620, 621 [2005]), and petitioner failed to meet that burden. Although the record establishes that petitioner provides housing to low-income elderly individuals,

the record further establishes that petitioner receives subsidies from HUD to bring the rent it receives up to fair market value (*see Matter of Nassau County Hispanic Found. [Board of Assessors]*, 198 AD2d 357 [1993]). Thus, petitioner failed to meet its burden of establishing that its land is used primarily for a charitable purpose (*see id.* at 358). Because there is a rational basis for respondent's determination and it is not arbitrary and capricious, the court erred in granting the petition (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.