Mercure, J.
Appeal from an order of the Supreme Court (Sackett, J.), entered March 16, 2009 in Sullivan County, which, among other things, in a proceeding pursuant to RPTL article 7, granted petitioner’s motion for summary judgment striking certain real property from the tax assessment rolls of the Town of Highland.
Petitioner is a not-for-profit corporation organized in 2001 for the purpose of offering “spiritual renewal in accordance with the [principles] of the Catholic Church,” and encouraging artists seeking inspiration and instruction in the Catholic faith. It receives a federal income tax exemption from the Internal Revenue Service and is classified as a public charity; contributions to petitioner are deductible pursuant to the Internal Revenue Code. Petitioner was also listed in the 2007 Official Catholic Directory as a private association affiliated with the Catholic Church.
*776 Petitioner’s president is Richard Bretone, an ordained Roman Catholic priest. In 2002, Bretone obtained a building permit from the Town of Highland, Sullivan County to construct an art studio on a 46-acre parcel of real property that he owned. The studio, designed to resemble a chapel and adorned with religious art, was completed in December 2006 and the Town issued Bretone a certificate of occupancy. In February 2007, Bretone transferred the property—consisting of the art studio, a small barn, a four-bedroom chalet, two small rural cabins and undeveloped land upon which a brook and seasonal waterfall were located—to petitioner. The art studio is used for the creation of religious art, spiritual talks and prayer, and the entire property is used regularly for spiritual retreats by parishioners from New York City churches, prayer groups and college students. Mass and prayer services are an integral part of the events at the property, and are held when visitors are present. In addition, petitioner erected a shrine to Our Lady of Mount Carmel in 2007 and commenced work on a “holiness trail,” which has since been completed and dedicated to the 14 stations of the cross. Visitors to the shrine fill water bottles in a nearby natural spring; the water is then blessed and taken home by the visitors as “holy water.”
In 2007, petitioner applied for a real property tax exemption pursuant to RPTL 420-a (1) (a). Petitioner indicated that its purpose was religious, and listed its activities as “establishment [and] maintenance of a facility for religious (Roman Catholic) days of recollection, retreat, pilgrimages, shrines, mass, and adoration benediction.” Respondent Assessor of the Town of Highland denied the application on the ground that “[a] [r]etreat does not meet the qualifications for this exemption.” Respondent Board of Assessment Review of the Town of Highland denied petitioner’s subsequent grievance, and petitioner’s property was included on the Town’s 2007 taxable assessment rolls.
Petitioner thereafter commenced this proceeding pursuant to RPTL article 7, seeking a declaration that its property is exempt from taxation pursuant to RPTL 420-a, as well as a refund for taxes paid. Petitioner moved for summary judgment, and respondents cross-moved for summary judgment. Supreme Court granted petitioner’s motion for summary judgment and directed respondents to strike the real property from its 2007 tax rolls. Respondents appeal, and we now affirm.
We reject respondents’ contention that this Court may not consider any of the evidentiary submissions in the record that were not supplied to the Town in connection with petitioner’s *777 application for the exemption. First, as petitioner notes, there is no requirement that an application be filed to obtain an RPTL 420-a exemption (compare RPTL 420-a [11] with RPTL 420-b [7]). Moreover, an RPTL article 7 or CPLR article 78 proceeding commenced to challenge the denial of a mandatory exemption is, in essence, a challenge to the taxing authority’s jurisdiction over the subject property (see Hewlett Assoc, v City of New York, 57 NY2d 356, 363-364 [1982]; see also Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, 175-176 [1976], affd for reasons stated below 41 NY2d 816 [1977]). Thus, contrary to respondents’ argument, courts are not limited to the record adduced before “the agency” in such proceedings (see Matter of Word of Life Ministries v Nassau County, 191 Misc 2d 110, 111-112, 115 [2002], affd 309 AD2d 760 [2003], affd 3 NY3d 455 [2004]; see also Matter of TAP, Inc. v Dimitriadis, 49 AD3d 947, 948-949 [2008]; cf. Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 951 [2007]). In any event, an RPTL article 7 proceeding, such as the instant proceeding, “is in the nature of a trial de novo” (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 14 [1999] [internal quotation marks omitted]; see People ex rel. MacCracken v Miller, 291 NY 55, 60 [1943]). In either an RPTL article 7 proceeding or a CPLR article 78 proceeding challenging the denial of an exemption, “[t]he taxpayer seeking [the] real property tax exemption bears the burden of proof’ (Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town ofDe Kalb, 21 AD3d 620, 621 [2005]; see Matter of Ingham v Town of Dickinson, 192 AD2d 813, 814 [1993], lv denied 82 NY2d 653 [1993]).
Turning to the merits, under RPTL 420-a, real property owned and primarily used “by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational [purposes], or [for the] moral or mental improvement of men, women or children . . . shall be exempt from taxation” (RPTL 420-a [1] [a]; see Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411 [2004]). “To qualify for this tax exemption, ‘(1) the entity must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, ... (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations’ ” {Matter of TAP, Inc. v Dimitriadis, 49 AD3d at 947-948, quoting Matter of Miriam Osborn Mem. Home Assn, v Assessor of City of Rye, 275 AD2d 714, 715 [2000]).
*778 Here, respondents -argue that petitioner failed to meet its burden of establishing that the property is used primarily in furtherance of a charitable purpose. Petitioner, however, presented affidavits, photographs and Bretone’s testimony during his examination before trial detailing the use of the property by students and parishioners from the New York City area as a spiritual retreat, as well as petitioner’s concrete plans for further development of the unimproved land in that regard. Notably, although respondents denied petitioner’s application on the ground that “[a] [r]etreat does not meet the qualifications for this exemption,” this Court has held that property used as “a spiritual retreat” does, in fact, qualify for the exemption despite the fact that a “retreat center is not a church in the narrow sense” (Order Minor Conventuals v Lee, 64 AD2d 227, 230-231 [1978]; see Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d at 950-951).
In addition, we have explained that unimproved land preserved in its natural state for use in connection with a hermitage and retreat center “is further evidence of [a religious organization’s] adherence to the belief that there is a need among the members of its faith for prayer and solitude free from the external pressure and duress of contemporary living” (Order Minor Conventuals v Lee, 64 AD2d at 230; see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 252 [1992]; see also People ex rel. Corporation of Yaddo v Freeman, 259 NY 620, 620-621 [1932]; Matter of New Creation Fellowship of Buffalo v Board of Assessment Review, 289 AD2d 1067, 1068 [2001]). Respondents’ averments that petitioner placed restrictions on public access to the property, was not using the property as a church, and did not apply for a special use permit to use the premises either as a church or in connection with its proposed future use of the undeveloped portions of the property are insufficient to raise a question of fact regarding petitioner’s entitlement to the exemption under RPTL 420-a (see Matter of Korean Joong Bu Presbyt. Church of N.Y. v Incorporated Vil. of Old Westbury, 2 NY3d 787, 788 [2004]; Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d at 412; Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 247-248; Matter of Symphony Space v Tishelman, 60 NY2d 33, 38-39 [1983]; cf. Matter of Oxford Group-Moral Re-Armament, MR A, Inc. v Allen, 309 NY 744, 746 [1955]).* With respect to the dissent’s assertion that there are questions of fact created by the Town’s request that *779 petitioner seek a special use permit, we note that the Town code enforcement officer’s request was contained in a letter to petitioner indicating that “[i]t has come to our attention that you would like to change the status of the above property . . . to be as a Place of Worship,” and followed petitioner’s motion for summary judgment. It is this letter—sent one year after the Town Assessor denied the exemption and, indeed, after petitioner had moved for summary judgment in this proceeding— that the dissent relies upon as sufficient to find a question of fact requiring the denial of petitioner’s motion for summary judgment. In our view, a letter sent in response to a summary judgment motion and merely requesting that petitioner seek a special use permit cannot manufacture an issue of fact warranting the denial of petitioner’s motion.
In any event, the dissent’s conclusion that “it is difficult to see how [petitioner] is not using the art studio/chapel as a ‘place of worship’ ” is directly contrary to extensive portions of respondents’ brief, in which it is argued at length that the exemption must be denied because “[t]here is no structured type of religion” at the premises. Indeed, contrary to the dissent’s statement that “[i]t is undisputed that petitioner uses its property generally as a spiritual retreat,” respondents now assert that “petitioner has failed to show that the property was being exclusively used as a ‘retreat.’ ” Respondents’ assertion is, of course, in conflict with their stated rationale for denying the exemption—that a retreat does not meet the qualification for the exemption—and a transparent attempt to distinguish this case from our precedent establishing that a spiritual retreat does qualify (see Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d at 950-951; Order Minor Conventuals v Lee, 64 AD2d at 230-231). Finally, we note that respondents *780 make no assertion that a spiritual retreat is a “place of worship” within the meaning of its zoning code. While the dissent may find it difficult to see how the property is not being currently used as a “place of worship,” the absence of any such claim by respondents is consistent with their failure to cite petitioner with any zoning violation or obtain an injunction to prevent such current use in violation of their zoning code, further distinguishing this case from Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Allen (283 App Div 1061, 1062 [1954], revd 309 NY 744 [1955]).
In short, Supreme Court properly granted the application to strike petitioner’s property from respondents’ tax assessment rolls.
Cardona, EJ. and Kavanagh, J., concur.

 Contrary to the dissent’s position, we note that Matter of Korean Joong Bu Presbyt. Church of N.Y. v Incorporated Vil. of Old Westbury (supra) and *779 Matter of Legion of Christ v Toum of Mount Pleasant (supra) are applicable here inasmuch as respondents rely on that line of cases in asserting that petitioner’s proposed use of the balance of the property—the 46 acres not including the art studio—does not meet the requirement for an exemption for future use. Such an exemption may be obtained when an owner “in good faith contemplated” improvements for exempt purposes (RPTL 420-a [3] [a]). While respondents assert that the exemption is inapplicable under Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Allen (supra) because petitioner might need a special use permit for its proposed future use of the property, the Court of Appeals has held that “Oxford provides no support for the proposition that nonprofit organizations must acquire or apply for special permits to qualify for tax exemption on the basis of good faith” (Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d at 412). Furthermore, we reject respondents’ assertion that petitioner’s plans for using the undeveloped portions of the property were not sufficiently “concrete and definite” (id. at 411 [internal quotation marks omitted]).