In the Matter of PAWS UNLIMITED FOUNDATION, INC., Respondent, v JAMES MALONEY, as Assessor of the Town of Kingston, et al., Appellants. [937 NYS2d 423]—

Mercure, A.P.J.

RPTL 420-a (1) (a) provides that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational [purposes], or [for the] moral or mental improvement of men, women or children . . . and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation as provided in this section." In order to qualify for the "exemption, (1) [petitioner] must be organized exclusively for [the] purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) [petitioner] may not be simply used as a guise for profit-making operations" (*Matter of Miriam Osborn*

*Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000]; *accord Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76 AD3d 775, 777 [2010], *affd* 16 NY3d 778 [2011]). Petitioner is concededly an organization dedicated to charitable purposes, and the animal shelter constitutes a charitable use of the premises (*see Matter of Farm Sanctuary v Patton*, 221 AD2d 67, 69 [1996]). Respondents contend, however, that petitioner failed to demonstrate that the animal shelter constituted the primary use of the parcel (*see Matter of Baldwin Research Inst., Inc. v Assessors of Town of Amsterdam*, 45 AD3d 1152, 1154 [2007], *lv denied* 10 NY3d 705 [2008]).

We disagree. While petitioner boards pets for a fee on the premises, that use will not defeat a tax exemption under RPTL 420-a if it is "reasonably incident to" petitioner's charitable aims (*Matter of Stuyvesant Sq. Thrift Shop v Tax Commn. of City of N.Y.*, 76 AD2d 461, 464 [1980], *affd for reasons stated below* 54 NY2d 735 [1981]; *see Matter of Salvation Army v Town of Ellicott Bd. of Assessment Review*, 100 AD2d 361, 362 [1984]). Petitioner demonstrated that the property is predominantly used for the animal shelter, with only one quarter of the kennels on the premises used to board pets. Moreover, the money realized from the pet boarding is exclusively used to further petitioner's charitable goals. In our view, this proof was sufficient to make a prima facie showing that the boarding operation was reasonably incident to the primary, exempt use of the parcel (*see People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350, 358 [1960]; *Matter of Nassau County Council Boy Scouts of Am. v Board of Assessors of Town of Rockland*, 84 AD2d 862, 862-863 [1981], *lv denied* 55 NY2d 607 [1982]; *cf. Gospel Volunteers v Village of Speculator*, 29 NY2d 622, 626-627 [1971]).

Although respondents also point to the fact that most of the property is undeveloped, even undeveloped real property will qualify for the tax exemption provided by RPTL 420-a if it plays "an integral part" in furthering qualifying charitable activities (*People ex rel. Untermyer v McGregor*, 295 NY 237, 244 [1946]; *see People ex rel. Buffalo Burial Park Assn. v Stilwell*, 190 NY 284, 291-292 [1907]; *Order Minor Conventuals v Lee*, 64 AD2d 227, 230-231 [1978]). Petitioner submitted evidence that the parcel must remain partially undeveloped in order to shield neighbors from the noise generated by the shelter animals and, thus, the undeveloped portion comprised an "integral part" of the shelter's operation (*Order Minor Conventuals v Lee*, 64 AD2d at 230-231; *see University Auxiliary Servs. at Albany v Smith*, 78 AD2d 959, 960 [1979], *affd for reasons stated below*

54 NY2d 986 [1981]; *Matter of Mary Immaculate School [Board of Assessors of Town of Ossining]*, 188 App Div 5, 8 [1919]). Inasmuch as respondents failed to raise a question of fact on these issues, Supreme Court properly granted petitioner's motion and declared the property to be tax exempt.

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.