Spain, J.
*1157 Petitioner is a Jewish congregation and the owner of improved parcels of real property known as the former Homowack Hotel property, located in the Town of Mamakating, Sullivan County (hereinafter the property). After an unsuccessful administrative appeal from the denial of its application for exemption of the property from real property taxes pursuant to RPTL 420-a (1) for the 2009-2010 tax year, petitioner commenced proceeding No. 1 — a combined proceeding pursuant to CPLR article 78 and RPTL article 7 and action for declaratory judgment against, among others, respondent Alane A. Romer, the Town Assessor, and respondent Town of Mamakating (hereinafter collectively referred to as respondents). Proceeding No. 2 is a CPLR article 78 proceeding commenced by petitioner, after exhausting administrative remedies, to challenge the denial of its application for the successive 2010-2011 tax year. Supreme Court granted summary judgment to respondents, dismissing the petitions. Petitioner now appeals.
In the context of both an RPTL article 7 proceeding and a CPLR article 78 proceeding challenging the denial of an exemption, “[t]he taxpayer seeking a real property tax exemption bears the burden of proof’ (Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb, 21 AD3d 620, 621 [2005]) and “tax exemption statutes are ‘strictly construed’ against the property owner” (Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d 947, 948-949 [2007], quoting Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249 [1992]). RPTL 420-a — the exemption at issue here — provides that “property owned by a corporation or association organized or conducted exclusively for religious . . . purposes, and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation” (RPTL 420-a [1]). As no dispute exists that petitioner is a religious corporation, the issue devolves to whether petitioner sufficiently established that the property is used exclusively for religious purposes.
We conclude that respondents’ denials of petitioners’ applications were rational. Petitioner’s April 2009 application stated the uses of the property as “summer camp and place of worship” and indicated that it would not operate the camp itself, but that another organization, Congregation Bais Trana, would lease the property on an annual basis for the months of July *1158 and August.[1] Although use of property as a religious summer camp has been held a proper tax exempt use (see Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo, 17 NY3d 763, 764 [2011]; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 198-199 [1991]), respondents properly found that petitioner failed to establish that the property would be used exclusively for religious purposes. Petitioner’s application provided no details as to the religious aspect of that camp or any other religious use of the property, and its lease agreement with Bais Trana limited use of the property to a summer camp, but did not further elaborate on the nature of such camp. Moreover, petitioner’s application provided no details regarding how the existing buildings on the property would be used or plans to seek the necessary permitting required to operate a summer camp on the property.
Although in the context of an RPTL article 7 proceeding we may look beyond petitioner’s application materials to ascertain its entitlement to an exemption (see Matter of Eternal Flame of Hope Ministries, Inc. v King, 76 AD3d 775, 777 [2010], affd 16 NY3d 778 [2011]), even assuming that the proposed camp was for wholly religious purposes, we would still reach the conclusion that petitioner was not entitled to a tax exemption. Neither petitioner nor Bais Trana obtained a special use permit to operate a camp and, although an application for a use permit cannot be made a prerequisite to a RPTL 420-a tax exemption where the applicant is taking steps in good faith to renovate a property for an intended exempt use (see Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d 406, 411 [2004]), the actual use of property in contravention of local laws can be a valid basis for denying an application for a tax exemption (see id. at 412; Matter of Oxford Group-Moral Re-Armament, MRA, Inc. v Allen, 309 NY 744, 746 [1955]; see also Congregation Or Yosef v Town of Ramapo, 48 AD3d 731, 732 [2008], lv denied 10 NY3d 711 [2008]). Here, the application contemplated the use of the *1159 property by Bais Trana for a summer camp without modification — as it apparently had been prior to petitioner’s purchase of the property — without any stated intention of seeking the necessary permitting or making any required changes that would be necessary to obtain permits. Under such circumstances, it was not error for respondents to deny petitioner’s application for exempt status for the 2009-2010 tax year (see Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb, 21 AD3d at 622).
Further, although we agree with petitioner that its declaratory judgment action is a proper method of attacking the validity of respondents’ jurisdiction to tax the property (see Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, 175-176 [1976], affd 41 NY2d 816 [1977]), inasmuch as petitioner failed to establish an entitlement to a tax exemption for the 2009-2010 tax year, it was nevertheless not entitled to the requested declaration that its assessment was unjust, illegal and imposed without jurisdiction. However, Supreme Court should have directed the entry of a declaration in favor of respondents regarding the 2009-2010 assessment, rather than dismissing the complaint (see Holliswood Care Ctr. v Whalen, 58 NY2d 1001, 1004 [1983]).
Next, petitioner’s application for an exemption for the 2010-2011 tax year suffers from the same infirmities; namely, it proposes the use as a summer camp without elaboration with regard to the specific nature of that camp and without adequate information regarding the viability of operating a camp on the property. Petitioner relies on the fact that, pursuant to the RPTL, it is entitled to the exemption even if the property is not yet ready for its intended use. Indeed, “real property from which no revenue is derived shall be exempt though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon if . . . the construction of such buildings or improvements is in progress or is in good faith contemplated by such corporation” (RPTL 420-a [3]; see Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb, 21 AD3d at 622). Petitioner asserts that it demonstrated good faith in its intentions to improve the property for use as a religious camp, relying on the fact that, in late 2009 and early 2010, it appeared several times before the Town’s Planning Board, filing a proposed site plan application and discussing its plans to address the various building code violations. Because the existing hotel buildings do not comport with local height restrictions placed on children’s camps and are in *1160 violation of set back requirements, petitioner also sought variances from the Town’s Zoning Board of Appeals.[2]
“To demonstrate that the improvements are in ‘good faith contemplated’ within the meaning of [RPTL] 420-a, the applicant seeking an exemption must have ‘concrete and definite plans for utilizing and adopting the property for exempt purposes within the reasonably foreseeable future’ ” (Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d at 411, quoting Congregation K’hal Torath Chaim v Town of Ramapo, 72 AD2d 804, 805 [1979]; see Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d at 949). While we do not question petitioner’s good faith intention to operate a religious camp on the premises, we conclude that insufficient evidence exists that it has demonstrated a plan to reach that goal in the reasonably foreseeable future. Importantly, use of the existing buildings on petitioner’s property as a children’s camp is precluded by local zoning ordinances. Although we decline respondents’ invitation to declare that a tax exemption may never be granted where a zoning variance is required for an intended use, here the obstacles that petitioner faced with regard to ever operating the property as a summer camp— including the zoning issue — are certainly relevant to determining whether petitioner had a realistic plan in place to reach that goal. In particular, the main building that petitioner proposed to use for sleeping accommodations for the children is three stories high, necessitating a variance from the local zoning ordinance requiring single-story accommodations for camp dormitories. Petitioner has not indicated plans to construct suitable buildings, but instead proposes to repair the existing buildings.[3]
Further, throughout the application process, including the contents of its environmental assessment form, petitioner has stated that, in addition to a summer camp, it proposes also to eventually use the property as a hotel. No indication was given that the hotel would have any religious affiliation. Although a secondary use of property used for religious purposes “will not defeat a tax exemption under RPTL 420-a if it is ‘reasonably incident to’ [the] petitioner’s charitable aims” (Matter of Paws Unlimited Found., Inc. v Maloney, 91 AD3d 1173, 1174 [2012], quoting Matter of Stuyvesant Sq. Thrift Shop v Tax Commn. of *1161 City of N.Y., 76 AD2d 461, 464 [1980], affd 54 NY2d 735 [1981]), here, petitioner failed to explain how the use of the property as a hotel was related to its religious purpose (see Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d at 249; Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]). Under these circumstances, petitioners’ application for an exemption for the 2010-2011 tax year was properly denied (see RPTL 420-a [3]; Matter of Legion of Christ v Town of Mount Pleasant, 1 NY3d at 411; Matter of World Buddhist Ch’An Jing Ctr., Inc. v Schoeberl, 45 AD3d at 950-951; Matter of Ksiaze Chylinski-Polubinski Trust, Inc. v Board of Assessment Review for Town of De Kalb, 21 AD3d at 622).
Peters, EJ., Rose, McCarthy and Egan Jr., JJ, concur. Ordered that the judgment is modified, on the law, without costs, by declaring, with respect to proceeding No. 1, that petitioner is not entitled to an exemption for the 2009-2010 tax year and, as so modified, affirmed.

. It was thus incumbent upon petitioner to establish that Bais Trana, were it the owner of the land, would also be entitled to a religious exemption (see RPTL 420-a [2]). The record establishes that Bais Trana is a religious corporation, although petitioner failed to establish, or even assert, as much at the time of its 2009 application. Bais Trana did lease the property from petitioner and operated a summer camp during the 2009 summer season without first obtaining necessary health and building code permits. In October 2009, the Department of Health issued an order directing Bais Trana to cease operating its camp without an operating permit. In relation to Bais Trana’s activities, in July 2009 petitioner was cited for a number of code violations on the property and, in September 2009, petitioner was cited by the Town Code Enforcement Officer for operating property as an illegal camp and for failing to obtain a special use permit from the Planning Board.

. In May 2010, the Zoning Board of Appeals granted the setback variances but denied the height variance.

. It is clear from transcripts of the Town hearings and the numerous code violations filed against petitioner that the buildings on the property in their current condition are unsafe for occupation.