OPINION OF THE COURT
Spain, J.
Petitioner, a nonmunicipal not-for-profit corporation, owns several parcels of real property that previously were part of the Plattsburgh Air Force Base. In 1993, the base was closed pursuant to the Defense Base Closure and Realignment Act of 1990 (see 10 USC § 2687; see generally Pub L 101-510, 104 US Stat 1485). As a result of a redevelopment plan designed to support the local economy in the wake of the closure, petitioner was formed for the purpose of owning, selling and transferring real property for the benefit of local municipalities by fostering job creation and economic development for the City and Town of Plattsburgh and Clinton County.
Petitioner applied for an exemption from real property taxation pursuant to RPTL 420-a for five properties.[1] In May 2011, respondent Derek Rosenbaum, as Assessor of the City of Platts *23 burgh, denied petitioner’s application, determining that it was not a charitable organization under RPTL 420-a and that the property was not being used for charitable purposes. After respondent City of Plattsburgh Board of Assessment Review (hereinafter Board) upheld that determination, petitioner commenced this combined proceeding pursuant to CPLR article 78 and declaratory judgment action seeking to annul the Board’s determination that it was not entitled to a real property tax exemption. Supreme Court subsequently granted the petition. Rosenbaum, the Board, respondent City of Plattsburgh and respondent John Girard, as chair of the Board, now appeal,[2] and we affirm.
Pursuant to RPTL 420-a, a property is exempt from real property taxation where (1) the property is owned by an entity “organized or conducted exclusively” for, among other things, charitable purposes, (2) the property is “used exclusively” for carrying out such purposes, and (3) no pecuniary gain may come from the operation of such property, “except reasonable compensation for services in effecting . . . such purposes, or as proper beneficiaries of its strictly charitable purposes” (RPTL 420-a [1] [a], [b]). The burden of demonstrating entitlement to a tax exemption rests upon the party seeking the exemption (see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., 83 NY2d 44, 49 [1993]; Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1193 [2011]).
“While there is no precise statutory definition of a charitable purpose, such purpose has been determined to include relief of poverty, advancement of education [and] promotion of health, governmental and municipal purposes . . . [and to involve] ‘the accomplishment of objectives which are beneficial to community or area’ ” (Matter of Farm Sanctuary v Patton, 221 AD2d 67, 68-69 [1996] [citations omitted], quoting Black’s Law Dictionary 234 [6th ed 1990]). Further, a property owner seeking a real property tax exemption who demonstrates that it is a not-for-profit entity “whose tax-exempt status has been recognized by the Internal Revenue Service and whose property is used solely for [charitable] purposes has made a presumptive showing of entitlement to exemption” (Yeshiva Beth Yehuda V’Chaim D’Betlan v Town of Shandaken, 100 AD2d 641, 642 [1984]; see Matter of Sisters of Resurrection v Daby, 129 Misc 2d 879, 886 [1985, Mercure, J.]).
*24 Here, petitioner proffered evidence that it is a charitable organization within the meaning of Internal Revenue Code (26 USC) § 501 (c) (3), and that it has secured exemptions from sales and franchise taxation from the State Department of Taxation and Finance. Petitioner’s restated certifícate of incorporation demonstrates that it exists for the exclusive benefit of the public interest and to reduce the burdens on municipal government by acting on the behalf the City and Town of Plattsburgh and Clinton County. Specifically, the certificate states that petitioner “function[s] as the local redevelopment authority on behalf of the City of Plattsburgh, the Town of Plattsburgh and Clinton County for the purpose of creating new employment opportunities in the course of acquiring and redeveloping the surplus property at Plattsburgh Air Force Base.” Moreover, the certificate directs that “[n]o part of the net earnings of [petitioner] shall inure to the benefit of any individual, Member, Trustee, Director or Officer of [petitioner]” and that, upon petitioner’s dissolution, its assets must be disposed to other charitable or municipal entities “for a public purpose.” Accordingly, we agree with Supreme Court that petitioner is a charitable corporation within the meaning of RPTL 420-a (see Matter of Paws Unlimited Found., Inc. v Maloney, 91 AD3d 1173, 1174 [2012]; Matter of Farm Sanctuary v Patton, 221 AD2d at 68; see also People ex rel. Untermyer v McGregor, 295 NY 237, 243-244 [1946]).
Next, petitioner has demonstrated that the property is actually and primarily being used in furtherance of its charitable purposes (see RPTL 420-a [1]; Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg, 79 NY2d 244, 249 [1992]). As the property here is undeveloped, petitioner had to demonstrate that it nevertheless is used in furtherance of its charitable purpose or, at least, “plays ‘an integral part’ in furthering qualifying charitable activities” (Matter of Paws Unlimited Found., Inc. v Maloney, 91 AD3d at 1174, quoting People ex rel. Untermyer v McGregor, 295 NY at 244).[3] Given that petitioner’s very purpose is to own, maintain, market and *25 sell this land to promote economic development, we conclude that the land is, indeed, presently and actively being “used” for petitioner’s charitable purposes. Indeed, much akin to land which is preserved for environmental concerns, here petitioner’s use of the land actually presupposes that it be, at least temporarily, physically vacant (see e.g. Matter of Adirondack Land Trust v Town of Putnam Assessor, 203 AD2d 861, 862 [1994], lv denied 84 NY2d 809 [1994]).
In our view, Matter of Lackawanna Community Dev. Corp. v Krakowski (12 NY3d 578 [2009]) is materially distinguishable. There, noting that “it is the actual or physical use of the real property that is determinative under [RPTL] 420-a (1) (a),” the Court of Appeals held that a local development corporation was not entitled to the 420-a exemption where it had leased the land to a for-profit entity, even though the lease was “in furtherance of [the corporation’s] purpose of spurring economic development” (id. at 581 n, 582). However, in Matter of Lackawanna, the land was actually, physically being used by a for-profit entity and the income derived from the lease exceeded the expense of maintaining the property (Matter of Lackawanna Community Dev. Corp. v Krakowski, 50 AD3d 1469, 1470 [2008], affd 12 NY3d 578 [2009]). The local development corporation seeking the exemption in that case was no longer actively marketing or further utilizing its ownership of the property to make additional advances to the economic development of the community and, had the exemption been applicable in that case, the leased property could remain off of the tax rolls indefinitely while being used by a for-profit business (id.). Here, by contrast, petitioner is presently actively marketing the property for sale in direct furtherance of its goals, and all proceeds from the sale of its property are reinvested in the redevelopment effort associated with the former airbase. Indeed, petitioner has conveyed approximately 88% of the property to new owners, returning many of those properties to the tax rolls for the first time in more than 50 years.
Finally, it appears undisputed that all profits from the property are reinvested to further petitioner’s purpose of revitalizing the economy of the local community. Accordingly, we hold that petitioner is entitled to the real property tax exemptions.
Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur.
*26 Ordered that the judgment is affirmed, without costs.

. Initially, the United States Air Force retained ownership of the base property, with petitioner as lessee. In furtherance of achieving the goal of economic redevelopment, petitioner subleased various parcels and, funded by the New York State Departments of Economic Development and Transportation and the United States Department of Defense, improved the property through construction, demolition and asbestos and lead paint abatement. Beginning in 2001, through agreements between the Air Force, the Clinton County Industrial Development Agency and petitioner, which provided that the property would remain tax exempt during the terms of those agreements, all the property was eventually conveyed to petitioner, at which point the agreements terminated, prompting petitioner to seek the RPTL 420-a exemption.

. Respondents Board of Education of the Plattsburgh City School District and the County of Clinton did not appeal.

. Property that is “not in actual use ... by reason of the absence of suitable buildings or improvements thereon” may still be entitled to an exemption where “the construction of such buildings or improvements is in progress or is in good faith contemplated” (RPTL 420-a [3]; see Matter of World Buddhist Ch’An ding Ctr., Inc. v Schoeberl, 45 AD3d 947, 949 [2007]). Even if we assume that petitioner’s work in preparing the property for sale could constitute “improvements” within the meaning of this statute, it appears that such improvements have already been completed and petitioner has not alleged *25 that further work is necessary. Accordingly, RPTL 420-a (3) is not applicable here.